ELSIE B. CASSELS v. FORD MOTOR COMPANY, MARVIN F. BEAN, INC., FORD DEALER, AND BILLY RAY STARNES
— AND —
THEODORE J. CASSELS v. FORD MOTOR COMPANY, MARVIN F. BEAN, INC. FORD DEALER, AND BILLY RAY STARNES

No. 7025DC617

(Filed 16 December 1970)

1. Rules of Civil Procedure § 8— sufficiency of complaint to withstand motion to dismiss

A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant sufficient notice of the nature and basis of plaintiff's claim to enable him to answer and prepare for trial.

2. Automobiles § 6; Sales § 22— negligent manufacture of truck — failure of dealer to inspect — sale of defective truck — sufficiency of complaints

In these actions against an automobile manufacturer and its dealer seeking recovery for injuries sustained in an automobile-truck collision, no insurmountable bar to recovery appears on the face of plaintiffs' complaints, and the allegations therein give defendants notice that they are being sued for injuries allegedly caused by the negligence of defendant manufacturer in manufacturing and delivering to its dealer

a truck with improperly manufactured or installed drive shaft, universal joints and pinion shafts, and the negligence of defendant dealer in failing to inspect the truck and in selling it in the defective and unsafe condition; consequently the complaints are sufficient to withstand defendants' motions to dismiss.

**3. Automobiles § 6; Sales § 22— duty of truck manufacturer to public**

The manufacturer of a truck owes a duty to the public, irrespective of contract, to use reasonable care in its manufacture and to make reasonable inspection of the construction in the plant where the truck was manufactured.

**4. Sales § 22— potentially dangerous article — liability of seller to purchaser**

The seller of an article is subject to the same liability to the purchaser as the manufacturer if the article is potentially dangerous by reason of a defect in construction or the absence of safety devices.

APPEAL by plaintiffs from *Beach, District Judge,* 6 April 1970 Session of BURKE County District Court.

Separate actions were instituted by plaintiffs on 20 February 1970 seeking recovery for injuries sustained in an automobile-truck collision near Valdese on 21 February 1967. The complaints are identical except for the names of the complaining parties, the damages alleged, and the prayer for relief. The essential allegations are as follows: (Summarized except where quoted).

On or about 10 December 1966, defendant Starnes purchased from defendant Marvin Bean, Inc. (Bean), a Ford dealer, a 1967 Ford pickup truck which had been manufactured by defendant Ford Motor Company (Ford). The truck was new when purchased and was warranted, either by express or implied warranty, to be in good condition, including the drive shaft, universal joint and pinion shafts. On 21 February 1967 Starnes was operating the truck north on Highway 350 near Valdese at an excessive rate of speed and was meeting the automobile in which plaintiffs were riding. The truck suddenly veered left across the path of the automobile and into its path causing a collision and resulting in injuries to plaintiffs.

"THAT THE DEFENDANTS, MARVIN F. BEAN, INC. AND THE FORD MOTOR COMPANY, WERE JOINTLY AND CONCURRENTLY NEGLIGENT IN THE FOLLOWING PARTICULARS:

I.   That the defendant, The Ford Motor Company, failed to properly manufacture or install the drive shaft, universal

joints and pinion shafts in the 1967 Ford pickup truck, and knew or should have known that a defective drive shaft could cause loss of control and an accident. That despite said Motor Company's failure to properly manufacture or install the drive shaft in the truck, they delivered the truck to their dealer, Marvin F. Bean, Inc.

II. That the defendant, Marvin F. Bean, Inc., failed to properly inspect the truck after delivery and before sale to Billy Ray Starnes, despite their express and implied warranty that the truck was in proper running condition and suitable and safe for use on the highways of North Carolina; that Marvin F. Bean, Inc. sold and delivered the truck, a dangerous instrumentality in itself, to Billy Ray Starnes, in a condition which was unsafe and unfit for use; that the said defendant knew or should have known that a defective drive shaft could cause loss of control of the truck, and that the truck veered into the path of the plaintiff as a result of the failure of the defective shaft in the new truck along with the failure of the defective universal joint and pinion shafts in the new truck which had very low mileage and thus caused the accident and damages herein complained of by the plaintiff.

III. That the drive shaft in the truck fell to the pavement, thereby digging the end of the drive shaft into the pavement and causing the truck to veer into the path of the plaintiff."

Defendants Ford and Bean moved to dismiss plaintiffs' actions pursuant to G.S. 1A-1, Rule 12(b)(6). The trial court granted defendants' motions after concluding that the complaints failed to state a claim upon which relief could be granted against defendants. Other grounds asserted by defendants in support of their motions do not appear to have been passed upon by the trial court. Plaintiffs appealed and the cases were ordered consolidated for hearing on appeal.

*Mitchell & Teele by H. Dockery Teele, Jr. for plaintiff appellants.*

*Byrd, Byrd & Ervin by Robert B. Byrd and Thomas R. Blanton III, for defendant appellee Ford Motor Company.*

GRAHAM, Judge.

The determinative question on this appeal is whether plaintiffs' complaints are sufficient under Rule 8(a) of the

North Carolina Rules of Civil Procedure (G.S. 1A-1) to withstand defendants' motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Rule 8(a) provides:

*"Claims for relief.*—A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain

(1) A short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and

(2) A demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

In the case of *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161, Justice Sharp discusses at length the requirements of Rule 8(a) with respect to the specificity now required in pleadings by the provisions of Rule 8(a). The following language is particularly pertinent:

"Under the 'notice theory' of pleading contemplated by Rule 8(a)(1), detailed fact-pleading is no longer required. A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and— by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial.

\* \* \*

When Rule 7(c) abolished demurrers and decreed that pleas 'for insufficiency shall not be used' it also abolished the concept of 'a defective statement of a good cause of action.' Thus, generally speaking, the motion to dismiss under Rule 12(b)(6) may be successfully interposed to a complaint which states a defective claim or cause of action but not to one which was formerly labeled a 'defective statement of a good cause of action.' For such complaint, as we have already noted, other provisions of Rule 12,

the rules governing discovery, and the motion for summary judgment provide procedures adequate to supply information not furnished by the complaint. *See* the paper delivered by Dean Dickson Phillips, *The Sufficiency of a Pleading as Tested by the Motion to Dismiss for Failure to State a Claim upon Which Relief Can be Granted,* reported in the proceedings at the North Carolina Bar Association's Institute on the New Rules of Civil Procedure, October 1968, VI 16-19. *See also* Comment upon Rule 12, Vol. 1A, N.C. Gen. Stats., § 1A-1, p. 610."

[1] The above opinion gives rise to the following general principle: A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant sufficient notice of the nature and basis of plaintiffs' claim to enable him to answer and prepare for trial.

[2-4] No insurmountable bar to recovery appears on the face of the complaints now before us. Furthermore, allegations therein give defendants notice that they are being sued for injuries which plaintiffs allege were proximately caused by the negligence of Ford in manufacturing and delivering to its dealer a truck with an improperly manufactured or installed drive shaft, universal joints and pinion shafts, and the negligence of Bean in failing to inspect the truck and in selling and delivering it in the defective and unsafe condition. " 'The overwhelming weight of authority is to the effect that the manufacturer of a truck . . . owes a duty to the public, irrespective of contract, to use reasonable care in its manufacture and to make reasonable inspection of the construction in the plant where the truck was manufactured.' *General Motors Corporation v. Johnson,* C.C.A. (4th), 137 F. 2d 320; *MacPherson v. Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F 696, Ann. Cas. 1916C 440; 5 Am. Jur., Automobiles § 350; 60 C.J.S., Motor Vehicles § 165; Annotations: 156 A.L.R. 479; 164 A.L.R. 569, 584." *Gwyn v. Motors, Inc.,* 252 N.C. 123, 113 S.E. 2d 302. "[T]he seller is subject to the same liability to the purchaser as the manufacturer if the article is potentially dangerous by reason of a defect in construction or the absence of safety devices." 6 Strong, N.C. Index 2d, Sales, § 22, p. 718.

In our opinion the defendants' motion to dismiss was improperly granted. If they desire to ascertain more precisely

the details of the claims asserted against them adequate discovery procedures are now available to them for this purpose. *Sutton v. Duke, supra.*

Defendants' motions to dismiss allege that the plaintiffs' actions are barred by the statute of limitations. However, the judgments dismissing the actions were not based upon this ground. We therefore do not discuss the merits of these alleged defenses, or whether they can be properly raised by a motion to dismiss made pursuant to Rule 12.

Reversed.

Judges MORRIS and PARKER concur.