MARY JANE SPIVEY LEWIS, ADMINISTRATRIX OF THE ESTATE OF WAYNE HARRISON LEWIS, DECEASED v. GASTONIA AIR SERVICE, INC. AND COCKER MACHINE & FOUNDRY CO., INC.

No. 7220SC488

(Filed 25 October 1972)

1. Aviation § 3— death in airplane crash — negligence of person who arranged flight — sufficiency of complaint

Complaint was sufficient to state a claim for relief against defendant for the wrongful death of an airplane passenger where it alleged that plaintiff's intestate was killed when the airplane crashed into the side of a mountain, that defendant's agent arranged for the flight in an aircraft that was not equipped with deicing equipment or with instruments for instrument controlled flight, that defendant's agent knew that icing conditions existed along the flight path and that the weather and terrain were unsuitable for non-instrument controlled flights, but that defendant's agent nevertheless arranged for the flight in the ill-equipped aircraft and failed to cancel the flight, and that the acts of defendant's agent constituted one of the proximate causes of the crash and resulting death.

2. Aviation § 3— person arranging airplane flight — duty to cancel

It cannot be said as a matter of law that one who hires a flight has no authority to cancel it or postpone it, or that he has no duty to do so once it becomes obvious to him that the passengers for whom he arranged the flight would be subjected to unusual perils should the flight proceed.

3. Principal and Agent § 1— allegations of agency

In an action to recover for the wrongful death of an airplane passenger, an issue of agency arose on allegations that the person who arranged the flight was employed by defendant and was instructed by defendant to arrange the flight, and that such person was acting within the scope of his employment at all times alleged in the complaint.

APPEAL by plaintiff from Collier, Judge, 21 February 1972 Session of Superior Court held in UNION County.

Civil action to recover for the alleged wrongful death of plaintiff's intestate, Wayne Harrison Lewis, who was killed 14 November 1969 in the crash of an airplane in which he was a passenger. The airplane was owned by Gastonia Air Service, Inc., and was piloted by its employee. Cocker Machine & Foundry Co., Inc. (Foundry Co.) allegedly arranged the flight to transport certain of its employees, and also certain employees of McCoy-Ellison, Inc., from Gastonia and Monroe to White Sulphur Springs, West Virginia, where they were to repair machinery for their employers. Lewis, who was employed by McCoy-Ellison, boarded the airplane in Monroe as instructed by his employer. The flight continued from there to a point in the mountains of Virginia where, according to allegations in the complaint, the aircraft flew "on a level course and under full power straight into the side of the mountain. . . ."

Defendant Foundry Co. moved under G.S. 1A-1, Rule 12(b)(6) to dismiss the action as to it for failure of the complaint to state a claim upon which relief can be granted. Judgment was entered allowing the motion for the reason that "the Complaint in this action affirmatively discloses that the plaintiff has no cause of action or claim for relief" against Foundry Co. This appeal is from that judgment. Material factual allegations of the complaint are more fully summarized in the opinion.

*Griffin and Clark by Thomas J. Caldwell for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by James P. Crews for defendant appellee.*

GRAHAM, Judge.

Under G.S. 1A-1, Rule 8(a), detailed fact-pleading is not required. "A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and— by using the rules provided for obtaining pretrial discovery— to get any additional information he may need to prepare for trial." *Sutton v. Duke,* 277 N.C. 94, 104, 176 S.E. 2d 161, 167. "Under 'notice pleading' a statement of claim is adequate if it gives sufficient notice of the claim asserted 'to enable the adverse party to answer and prepare for trial, to allow for the

application of the doctrine of *res judicata,* and to show the type of case brought.' " *Roberts v. Memorial Park,* 281 N.C. 48, 56, 187 S.E. 2d 721, 725. If a complaint meets these basic requirements, and does not show upon its face that there is an insurmountable bar to recovery on the claim alleged, it is not subject to dismissal under G.S. 1A-1, Rule 12(b)(6). *Sutton v. Duke, supra; Cassels v. Motor Co.,* 10 N.C. App. 51, 178 S.E. 2d 12.

[1] The complaint here unquestionably places Foundry Co. on notice as to the nature and basis of the claim being asserted against it. The claim is for the wrongful death of plaintiff's intestate and the basis of the claim is negligence.

We also find that the complaint is sufficiently specific to give notice of the events and transactions which give rise to the claim asserted. Allegations therein attribute the cause of the crash, among other things, to the aircraft's lack of suitable instruments and equipment for flight over mountainous terrain and through the weather conditions which prevailed. With respect to the negligence of Foundry Co., it is alleged in substance: Frederick Phillip Landman, acting at all times as the agent of Foundry Co., arranged for the flight in an aircraft that was not equipped with deicing equipment or with instruments for IFR (instrument flight rules) flights. Icing conditions existed along the flight path and the weather and terrain were unsuitable for non-instrument controlled flights. All of these factors were known to Landman, who was experienced in matters pertaining to flying. He nevertheless arranged for the flight in the ill-equipped aircraft and failed to cancel the flight when he knew, or in the exercise of ordinary care should have known, that the aircraft being used was not equipped to fly under the conditions that would be encountered along the flight path. It is further alleged that these acts of Landman constituted one of the proximate causes of the crash and resulting death.

It must be remembered that at this juncture we are dealing only with plaintiff's pleadings. Our concern is not what plaintiff may be able to show at trial, but whether her pleadings show conclusively that she can prove no facts which would permit recovery from Foundry Co. for the death of her intestate.

[2] One of plaintiff's theories of recovery is that Foundry Co.'s employee, Landman, arranged the flight, had the authority

to cancel it, and negligently failed to do so when he knew, or should have known, that injurious consequences would result if the flight proceeded. Foundry Co. contends that Landman had no duty to cancel the flight since the pilot, and only the pilot, had the final authority to decide whether flying conditions were safe in the type of aircraft employed. It is true that a pilot may not be absolved of responsibility imposed upon him by law for the operation and control of the aircraft. *Mann v. Henderson*, 261 N.C. 338, 134 S.E. 2d 626. However, plaintiff does not seek to have the pilot absolved of responsibility by shifting his responsibility to Landman. Her theory is that the pilot was negligent in flying into the face of known perils and that Landman was negligent in permitting him to do so. Certainly it cannot be said, as a matter of law, that one who hires a flight has no authority to cancel it or postpone it, or that he has no duty to do so once it becomes obvious to him that the passengers for whom he arranged the flight would be subjected to unusual perils should the flight proceed.

Foundry Co. argues that failing to cancel the flight had nothing to do with the crash since the conditions of weather and terrain, which allegedly required a more adequately equipped aircraft, were present only near the terminus of the flight, and that the pilot had numerous opportunities to land the aircraft or turn back. These are matters of speculation that are not affirmatively shown by plaintiff's pleadings. Whether a person of ordinary prudence in Landman's position should have reasonably foreseen that injurious consequences could result from his failure to cancel the flight is a question that cannot be determined at this stage. The case is simply not yet ripe for a determination that there can be no liability as a matter of law. See *Sutton v. Duke, supra.*

[3] Foundry Co.'s final contention is that the acts of Landman may not be imputed to it. The complaint alleges that Landman was employed by Foundry Co.; that he was instructed by Foundry Co. to arrange the flight, and that he was acting within the scope of his employment at all times alleged in the complaint. An issue of agency arises on these allegations.

We hold that the complaint is sufficiently specific to meet the requirements of G.S. 1A-1, Rule 8(a) and that it does not

show on its face that there can be no relief under any of the facts alleged.

Reversed.

Judges PARKER and VAUGHN concur.