NORMAN EARL BRANTLEY v. FORREST V. DUNSTAN
AND WALLACE R. GRAY

No. 721SC658

(Filed 20 December 1972)

Attorney and Client § 5; Fraud § 9— action against attorneys based on fraud — sufficiency of complaint

Complaint was sufficient to state a claim for relief against two attorneys based on fraud where it alleged that plaintiff retained defendant attorneys to represent him in connection with a claim arising from an automobile accident on 26 November 1962, that defendants falsely represented to plaintiff on various occasions that they were negotiating a settlement with the adverse party's insurer, that defendants filed suit for plaintiff on 26 November 1965, that the adverse party moved to dismiss on the ground that he had been summonsed to appear in the wrong county, that defendants did not cause the motion to come on for hearing until the spring of 1967 and at that time the presiding judge refused to rule on the motion and forwarded it to the Grievance Committee of the State Bar, that defendants continued to assure plaintiff that a settlement with the adverse party's insurer was in the offing and that the case would be tried if settlement was insufficient, that defendants knew these representations were false at the time they were made, that they were made to deceive plaintiff and that they did deceive plaintiff in that he refrained from obtaining other counsel and otherwise protecting his interests and that he received no compensation for his injuries.

APPEAL by plaintiff from *Tillery, Judge,* 10 April 1972 Civil Session of Superior Court held in DARE County.

On 26 July 1970, plaintiff filed an action against defendants, attorneys at law, seeking damages on the grounds defendants were negligent in failing to properly file a lawsuit for plaintiff against one Lester Sawyer. He alleged in substance the following: Plaintiff employed defendants to represent him in connection with a claim against Sawyer for personal injuries and property damage arising out of an automobile accident on 26 November 1962. Defendants waited until 26 November 1965, and on that date, filed the action in the Superior Court of Dare County. The summons filed by defendants was fatally defective in that it required Sawyer to answer in Pasquotank County rather than in Dare County. Sawyer filed a special appearance and motion to dismiss. The motion remained pending for several years and in September of 1968, plaintiff dismissed defendants as his attorneys and obtained other counsel. The summons was amended upon motion filed by the new counsel; however, the order allowing the amendment was reversed on appeal *(Brantley v. Sawyer,* 5 N.C. App. 557, 169 S.E. 2d 55), and the case was thereafter dismissed. Defendants' motion for summary judgment was allowed and upon appeal this Court affirmed, holding that the claim asserted by plaintiff accrued, if at all, when defendants filed the fatally defective summons on 26 November 1965, and that the claim was barred by the running of the statute of limitations. *Brantley v. Dunstan,* 10 N.C. App. 706, 179 S.E. 2d 878.

On 11 January 1972, plaintiff instituted this action against defendants. He seeks here to recover for the alleged fraud of defendants in making certain misrepresentations which he contends caused him to delay seeking other legal counsel, or otherwise protecting his rights until it was too late to do so.

Defendants' motions to dismiss the action for the reason that it failed to state a claim on which relief could be granted were allowed and plaintiff appealed.

*Winston, Coleman & Bernholz by Barry T. Winston for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell by John L. Jernigan for defendant appellee Forrest V. Dunstan.*

*Maupin, Taylor & Ellis by Thomas F. Ellis for defendant appellee Wallace R. Gray.*

GRAHAM, Judge.

The only question presented is whether the complaint is sufficient to withstand defendants' motions to dismiss, made pursuant to G.S. 1A-1, Rule 12(b)(6). We hold that it is and reverse the judgment dismissing the action.

Allegations in the complaint, when construed liberally, are sufficient to show the following: Defendants, practicing attorneys, were retained by plaintiff to represent him in connection with a claim for personal injuries and property damage arising from an automobile accident with Lester Sawyer on 26 November 1962. Defendants falsely represented to plaintiff on various occasions prior to 26 November 1965 that they were negotiating a settlement with Sawyer's insurance company. On 26 November 1965, defendants filed suit for plaintiff against Sawyer, and Sawyer responded with a motion to dismiss on the grounds that the court never acquired jurisdiction over his person in that he was summonsed to appear in the wrong county. Defendants did not cause the motion to come on for hearing until the spring of 1967 and at that time, the presiding judge refused to rule on the motion and forwarded it to the Grievance Committee of the North Carolina State Bar. Defendants continued to assure plaintiff that negotiations were taking place with Sawyer's insurance carrier; that a settlement was in the offing, and that if the settlement was not sufficient, the case would come on for trial. These representations were false, and were known by defendants to be false at the time they were made. Further, the false representations were made by defendants for the purpose of deceiving plaintiff and they did deceive plaintiff in that, relying upon the representations, plaintiff refrained from obtaining other counsel or otherwise protecting his interests, and that as a consequence of said reliance, plaintiff received no compensation for his injuries and incurred other damages. The complaint also alleges that plaintiff did not learn that the representations made by defendants were false until 20 January 1969.

The complaint is certainly no model. However, when construed liberally, we are of the opinion that it sufficiently meets the requirements of G.S. 1A-1, Rule 8(a). See *Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721; *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161; *Cassels v. Motor Co.*, 10 N.C. App. 51, 178 S.E. 2d 12; *Lewis v. Air Service, Inc.*, 16 N.C. App. 317, 192 S.E. 2d 6.

Defendants' principal position is that the complaint does not contain any allegations of facts from which fraudulent intent on the part of defendants may be inferred. While circumstances constituting fraud must be alleged with particularity, intent or other condition of mind of a person may be averred generally. G.S. 1A-1, Rule 9(b). The misrepresentations which defendants allegedly made to plaintiff are set forth in the complaint with particularity, as are the circumstances under which the misrepresentations were made. It is alleged that defendants made the representations knowing them to be false and for the purpose of deceiving plaintiff; also, that plaintiff was deceived to his detriment and suffered damages as a result.

Reversed.

Judges HEDRICK and VAUGHN concur.