MARK WILLIS PATTERSON, BY HIS GUARDIAN AD LITEM, F. L. PATTERSON v. W. H. WEATHERSPOON AND W. H. WEATHERSPOON, JR.

No. 7210SC546

(Filed 29 December 1972)

Parent and Child § 8— injury from golf club swung by minor — liability of the father — sufficiency of complaint

In an action by a minor plaintiff to recover for injuries sustained when he was struck in the eye by a golf club swung by defendant's

eight-year-old son, plaintiff's complaint was sufficient to state a claim for relief against defendant based on defendant's alleged negligence in allowing his son to use the golf club unattended, uncautioned and uninstructed at a time when the minor plaintiff was standing close by.

APPEAL by plaintiff from *Canaday, Judge,* 13 March 1972 Session of Superior Court held in WAKE County.

Plaintiff, Mark Willis Patterson, a minor, instituted this action through his guardian ad litem to recover damages for personal injuries suffered when he was struck in the left eye by a golf club. Plaintiff's complaint, except where quoted, is summarized as follows:

On 21 June 1970 at approximately 7:30 p.m., plaintiff saw W. H. Weatherspoon, Jr., age 8, and his father, W. H. Weatherspoon, the defendant, in a vacant lot near his home. The defendant handed a full-sized golf putter and golf ball to his son and told him to "putt around some." While defendant was recovering golf balls some two hundred feet away,

" . . . the minor plaintiff was standing behind W. H. Weatherspoon, Jr. observing when the minor W. H. Weatherspoon, Jr. drew the club back swiftly into a backswing and then hit or drove the golf ball rather than putt it whereupon as he followed through with his swing the steel head of the putter hit the minor plaintiff directly in the left eye causing that eye to burst open."

Defendant's conduct was alleged to be negligent in that:

"(a) He wilfully and negligently handed an adult sized golf club to the minor W. H. Weatherspoon, Jr. together with a golf ball and encouraged or directed him to play with these items but at no time instructed him in the use thereof or cautioned him regarding the care to be used in swinging that golf club.

(b) He negligently and carelessly continued to allow his son, W. H. Weatherspoon, Jr. to use the golf club unattended, uncautioned and uninstructed at a time when the minor plaintiff was present and in close proximity to the minor defendant, W. H. Weatherspoon, Jr.

(c) He negligently and carelessly left the area where his son, W. H. Weatherspoon, Jr. had the club and ball and where the minor plaintiff stood and proceeded some

200 feet away to further his own activity and recreation without regard to the safety and care of the minor plaintiff at a time when he knew, or in the exercise of reasonable care should have known that he had created a dangerous situation by leaving his son unattended, uninstructed and uncautioned regarding the use of said golf club with the minor plaintiff standing close by."

Plaintiff appeals from an order of dismissal entered pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

*Reynolds, Farmer & Russell by Ted R. Reynolds and E. Cader Howard for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell by John L. Jernigan for defendant appellee.*

HEDRICK, Judge.

"Under G.S. 1A-1, Rule 8(a), detailed fact-pleading is not required. 'A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial.' *Sutton v. Duke,* 277 N.C. 94, 104, 176 S.E. 2d 161, 167. 'Under "notice pleading" a statement of claim is adequate if it gives sufficient notice of the claim asserted "to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata,* and to show the type of case brought." ' *Roberts v. Memorial Park,* 281 N.C. 48, 56, 187 S.E. 2d 721, 725. If a complaint meets these basic requirements, and does not show upon its face that there is an insurmountable bar to recovery on the claim alleged, it is not subject to dismissal under G.S. 1A-1, Rule 12(b)(6). *Sutton v. Duke, supra; Cassels v. Motor Co.,* 10 N.C. App. 51, 178 S.E. 2d 12." *Lewis v. Air Service, Inc.,* 16 N.C. App. 317, 192 S.E. 2d 6 (1972).

It is our opinion that when viewed in the light of these principles, the complaint in question is sufficient to withstand defendant's motion to dismiss. The complaint unquestionably

places defendant on notice as to the nature and basis of the claim being asserted against him. The claim is for personal injuries and the basis of the claim is negligence. The events and transactions which give rise to the claim are sufficiently alleged. Our attention has been directed to no insurmountable bar to recovery which appears on the face of the claim alleged. In our opinion there is none. While the relationship alone does not make a father answerable for the wrongful acts of his minor child, a father who is aware, or by the exercise of due care should be aware of the dangerous propensities of his child in the use of the instrumentality and who fails to prohibit, restrict or supervise the child in the use thereof, may be liable based on his own negligence for injury to another caused by the child's misuse of the instrumentality. *Lane v. Chatham,* 251 N.C. 400, 111 S.E. 2d 598 (1959).

Nothing appears upon the face of the complaint which would preclude plaintiff's proving facts sufficient to support a recovery on this, or perhaps other theories.

The order dismissing the complaint is

Reversed.

Judges VAUGHN and GRAHAM concur.