DAVID ROSENTHAL AND WIFE, YONINA ROSENTHAL v. DOROTHY PERKINS, FINLEY GALLERY OF HOMES, INC., RICHARD GOLDBERG AND WIFE, JEAN GOLDBERG

No. 7810SC816

(Filed 31 July 1979)

**1. Fraud § 1— elements**

   The essential elements of actionable fraud are: (1) material misrepresentation of a past or existing fact; (2) representation which is definite, specific and made with knowledge of its falsity or in culpable ignorance of its truth; (3) the misrepresentation is made with the intention that it should be acted upon; and (4) the misrepresentation is acted upon by the recipient to his damage.

**2. Fraud § 9— pleadings—rule of liberal construction inapplicable in fraud case**

   The G.S. 1A-1, Rule 8 provision that pleadings are to be liberally construed under the notice theory of pleading does not apply to fraud cases.

**3. Fraud § 9— flooding in house—insufficiency of complaint to allege fraud**

   Plaintiffs' complaint failed to state a claim for relief based on fraud where plaintiffs alleged that they purchased property from defendants who concealed the material fact that a drainage and flooding condition caused flooding of the house from time to time but plaintiffs did not allege that the concealment was made with the intent to induce plaintiffs to purchase the property, that plaintiffs reasonably relied upon the concealment and acted upon it, or that plaintiffs were denied the opportunity to investigate the premises or that they could not have discovered the flooding by the exercise of reasonable diligence.

**4. Rules of Civil Procedure § 12— contradictory pleadings—action properly dismissed**

   Where plaintiffs' complaint effectively alleged a cause of action against defendants for breach of contract, plaintiffs' cause of action should not have been dismissed for failure to state a claim under G.S. 1A-1, Rule 12(b)(6); however, since plaintiffs, in their reply to the counterclaim of the corporate defendant, denied such contract, or in the alternative, rescinded it if it existed, such error was not prejudicial because the complaint was so modified by the contradictory allegation in the reply that there was a legal bar to the cause of action for breach of contract, and judgment on the pleadings under Rule 12(c) should have been granted.

**5. Unfair Competition § 1— Unfair Trade Practices Act—individual defendants not violators**

The trial court properly dismissed plaintiffs' cause of action under the Unfair Trade Practices Act brought against the individual defendants, since the violators of that Act can only be those engaged in a business, a commercial or industrial establishment or enterprise. G.S. 75-1.1.

**6. Unfair Competition § 1— Unfair Trade Practices Act—defendant realtor engaged in trade—fraud not necessary element in violation of Act**

The trial court erred in dismissing plaintiffs' cause of action under the Unfair Trade Practices Act against the corporate defendants since defendants were engaged in the buying and selling of real estate and were thus engaged in trade or commerce within the meaning of G.S. 75-1.1; furthermore, the fact that plaintiffs failed to state a claim in their first cause of action based on fraud did not affect their cause of action under the Unfair Trade Practices Act, since fraud is not a necessary element in the violation of the Act.

APPEAL by plaintiffs from *Godwin, Judge.* Order entered 10 July 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 24 May 1979.

Plaintiffs in their complaint allege three causes of action as follows:

First Cause: Prior to 1 August 1973, defendants Goldberg listed for sale their home at 1913 Manuel Drive, Raleigh, with defendant Finley, a realty corporation, who advertised the property for sale and its agent, defendant Perkins, showed the property to plaintiffs. A drainage and flooding condition caused flooding of the house from time to time, and this condition was known to all defendants but they concealed this material fact from plaintiffs, who had no knowledge of the condition, and they purchased the property for $44,000. Soon thereafter plaintiffs became aware of the flooding condition and were unable to move into the house for 14 months while defendant Finley made repairs to the house. Plaintiffs prayed for compensatory damages of $9,250, and for punitive damages of $20,000.

Second Cause: When plaintiffs discovered the flooding condition they sought to rescind the purchase, but defendant Finley agreed to make repairs to the house, driveway and yard to alleviate damage from flooding. Plaintiffs could not move into the house for 14 months. Defendant Finley failed to make the repairs as contracted. Plaintiffs sought compensatory damages of $2,500.

Third Cause: Plaintiffs allege violation of the Unfair Trade Practices Act, G.S. 75-1.1, and seek treble damages under G.S. 75-16, and attorneys' fees under G.S. 75-16.1.

All defendants answered and alleged failure to state a claim: The motions of all defendants to dismiss all three causes of action under G.S. 1A-1, Rule 12(b)(6) were allowed by the trial court. During the hearing the plaintiffs in open court moved to amend their complaint to allege fraud *in haec verba*. The motion was denied. Plaintiffs appealed from the order dismissing all causes and denying motion to amend their complaint.

*Everett, Everett, Creech & Craven by Robinson O. Everett and William A. Creech for plaintiff appellants.*

*Smith, Anderson, Blount & Mitchell by Samuel G. Thompson for defendant appellees Dorothy Perkins and Finley Gallery of Homes, Inc.*

*Maupin, Taylor & Ellis by Richard C. Titus and Richard M. Lewis for defendant appellees Richard Goldberg and wife, Jean Goldberg.*

CLARK, Judge.

The plaintiffs in their complaint filed 31 October 1975, alleged three causes of action. The defendants Goldberg in their answer made eight defenses and two cross-claims. Defendants Perkins and Finley, Inc., in their answer made six defenses and a counterclaim. Plaintiffs filed a reply to the counterclaim. All parties agreed on a Proposed Order on Final Pretrial Conference in July 1978, but this Order was not submitted to the trial court because the motions of the defendants to dismiss all causes of action under Rule 12(b)(6) were heard and allowed on 10 July 1978.

FIRST CAUSE OF ACTION

[1] Plaintiffs' first cause of action is based on fraud. The essential elements of actionable fraud are as follows: (1) material misrepresentation of a past or existing fact; (2) the representation must be definite and specific; (3) made with knowledge of its falsity or in culpable ignorance of its truth; (4) that the misrepresentation was made with intention that it should be ·acted upon; (5)

that the recipient of the misrepresentation reasonably relied upon it and acted upon it; and (6) that there resulted in damage to the injured party. *Cofield v. Griffin*, 238 N.C. 377, 78 S.E. 2d 131 (1953); *Harding v. Southern Loan & Insurance Co.*, 218 N.C. 129, 10 S.E. 2d 599 (1940).

[2] The Rule 8 provision that pleadings are to be liberally construed under the notice theory of pleadings does not apply to fraud cases. Prior to the adoption of the Rules of Civil Procedure it was well-established that in a fraud cause the plaintiff must allege all material facts and circumstances constituting the fraud with particularity. *Mangum v. Surles*, 281 N.C. 91, 187 S.E. 2d 697 (1972); Shuford, N.C. Civil Practice and Procedure, § 9-5. This established law was incorporated in G.S. 1A-1, Rule 9(b) which provides:

> "(b) *Fraud, duress, mistake, condition of the mind.* — In all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . ."

[3] Plaintiffs allege that the misrepresentation consisted of the concealment of a material fact, *i.e.*, "a drainage and flooding condition which caused flooding of the house from time to time." In some circumstances concealment or nondisclosure may be considered as a positive misrepresentation and serve as a basis for actionable fraud. *Setzer v. Old Republic Life Insurance Co.*, 257 N.C. 396, 126 S.E. 2d 135 (1962); *Brantley v. Dunstan*, 17 N.C. App. 19, 193 S.E. 2d 423 (1972).

Assuming that the material fact concealed is alleged with sufficient specificity, we find no allegation that the concealment was done with the intent to induce plaintiffs to purchase the property. Nor do we find an allegation that plaintiffs reasonably relied upon the concealment and acted upon it. Plaintiffs have not alleged that they were denied the opportunity to investigate the premises or that they could not have discovered the flooding by the exercise of reasonable diligence. *See Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881 (1957); *Harding v. Southern Loan & Insurance Co., supra.*

We conclude that plaintiffs' complaint fails to state a claim for relief based upon fraud and that the trial court did not err in dismissing the first cause of action.

SECOND CAUSE OF ACTION

For their second cause of action plaintiffs allege that after purchasing the premises and discovering the flooding and drainage conditions they entered into a contract with all defendants whereby defendant Finley, Inc., agreed to make certain repairs to the house, driveway and garage, and the defendants Goldberg agreed to forego any payments on the purchase-money mortgage until the repairs were complete and plaintiffs could occupy the premises.

Defendants Goldberg in this answer deny such contract but admit they agreed to delay payments solely as an accommodation to the plaintiffs.

Defendants Perkins and Finley, Inc., in their answer admitted that Finley, Inc., undertook to make certain improvements and that defendants Goldberg agreed to forego payments on the purchase money mortgage pending completion of the improvements. Defendant Finley, Inc., then counterclaimed against plaintiffs, alleging that pursuant to the settlement agreement it made improvements costing $1,101.46, that plaintiffs breached the agreement, and it prayed for recovery of that sum, or, in the alternative to have that amount applied as a set-off.

Plaintiff replied to the counterclaim of defendant Finley, Inc., and alleged that said defendant "failed to perform any offer of settlement" and that "no valid settlement agreement . . . was ever reached, and in the alternative, if any compromise agreement did at any time result from discussions between plaintiffs and the corporate defendant or its agents, the terms of any such compromise agreement were never complied with by the corporate defendant and by reason of the breach thereof, any such compromise was rescinded and thereafter had no further effect."

[4] Plaintiffs' complaint effectively alleges a cause of action against all defendants for breach of contract. Thus the plaintiffs' second cause of action should not be dismissed for failure to state a claim under Rule 12(b)(6). But the plaintiffs in their reply to the counterclaim of defendant Finley, Inc., denied such contract, or in the alternative, if the contract existed it was rescinded. In view of these contradictory allegations, the plaintiffs could not recover for breach of contract. The complaint was so modified by the con-

tradictory allegation in the reply that there was a legal bar to the cause of action for breach of contract, and judgment on the pleadings under Rule 12(c) should have been granted. *See Van Every v. Van Every*, 265 N.C. 506, 144 S.E. 2d 603 (1965); 10 Strong's N.C. Index 3d *Pleadings* § 38.2 (1977). That the ruling of the trial court was improperly labeled a dismissal under Rule 12(b)(6) rather than judgment on the pleadings under Rule 12(c) we find has no legal significance.

### THIRD CAUSE OF ACTION

Plaintiffs in their third cause of action seek to recover under the Unfair Trade Practices Act. G.S. 75-1.1 makes it unlawful to engage in ". . . unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." The purpose of the Act is stated in G.S. 75-1.1(b) as follows:

> "(b) The purpose of this section is to declare, and to provide civil legal means to maintain, ethical standards of dealings *between persons engaged in business and between persons engaged in business and the consuming public* within this State, to the end that good faith and fair dealings between buyers and sellers at all levels of commerce be had in this State." (Emphasis supplied) (G.S. 75-1.1(b) was amended in 1977.)

[5]   The defendants Goldberg were not engaged in trade or commerce. They did not by the sale of their residence on this one occasion become realtors. It is clear from the cases involving violation of the Unfair Trade Practices Act that the alleged violators must be engaged in a business, a commercial or industrial establishment or enterprise. *See State ex rel. Edmisten v. J. C. Penney Co.*, 292 N.C. 311, 233 S.E. 2d 895 (1977); *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975); *Love v. Pressley*, 34 N.C. App. 503, 239 S.E. 2d 574 (1977), *cert. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978).

[6]   The defendant Finley, Inc. and its agent Perkins were engaged in the business of buying and selling real estate and acting as a real estate broker or agent. Clearly, it was engaged in "trade or commerce" within the meaning of G.S. 75-1.1. Said defendants argue that if plaintiffs failed to state a claim in their first cause of action based on fraud, then it also failed to state a claim in their

third cause of action. We find no merit in this argument that fraud is a necessary element in the violation of the Unfair Trade Practices Act. In *Hardy v. Toler*, 288 N.C. 303, 309, 218 S.E. 2d 342, 346 (1975), the court stated that while "[p]roof of fraud would necessarily constitute a violation of the prohibition against unfair and deceptive acts; however, the converse is not always true." The declared purpose of the Act "to maintain ethical standards of dealings" does not imply that the failure to maintain such standards must rise to the level of fraud, or that unethical and unfair trade practices must constitute fraudulent trade practices.

We conclude that the trial court erred in allowing the Rule 12(b)(6) motion to dismiss the plaintiffs' third cause of action against defendant Finley, Inc., and its agent Perkins.

The plaintiffs also challenge the denial of their oral motion made at the hearing to amend their complaint in order to allege elements of fraud *in haec verba*. Such motion is addressed to the discretion of the trial court and denial of the motion cannot be reversed absent an abuse of discretion. *Consolidated Vending Co. v. Turner*, 267 N.C. 576, 148 S.E. 2d 531 (1966); *Johnson v. Austin*, 29 N.C. App. 415, 224 S.E. 2d 293, *cert. denied*, 290 N.C. 308, 225 S.E. 2d 829 (1976). Rule 15(a) requires that the leave to amend by the trial court "shall be freely given when justice so requires." Factors such as contradictory pleading and the futility of amendment are possible justification for denial of the amendment, and we find no abuse of discretion.

The judgment is affirmed except for the dismissal of the third cause of action against the defendant Finley, Inc., and its agent Perkins.

Affirmed in part and reversed in part.

Judges VAUGHN and CARLTON concur.