WILLIAM EARL SUTTON ROBERTSON AND WIFE, KATHRYN L. ROBERTSON v. FINIS C. BOYD AND WIFE, BETTY J. BOYD; GO-FORTH SERVICES, INC.; AND BOOTH REALTY, INC.

No. 8729SC444

(Filed 19 January 1988)

1. **Rules of Civil Procedure § 12.1— motions to dismiss granted — subsequent dismissals pursuant to different section of rule redundant**

   Since all defendants made timely motions to dismiss plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) which were granted by the trial court, the court's subsequent order granting defendants' motions for judgment on the pleadings pursuant to N.C.G.S. § 1A-1, Rule 12(c) was redundant.

2. **Vendor and Purchaser § 6— sale of house — termite damage — notice to purchasers**

   The trial court did not err in dismissing plaintiffs' actions in fraud against all defendants where plaintiffs alleged that they purchased a house from defendant owners and subsequently discovered extensive termite damage; the complaint did not allege any positive affirmations on the part of defendants that the house was free from termite damage; plaintiffs alleged that they saw some termite damage themselves; they saw that the floor was sagging but relied on defendant realtor's guess that "the problem was likely an old broken floor joist"; and the termite report of defendant exterminator upon which plaintiffs allegedly relied noted visible damage, stated that certain parts of the house were not inspected because they were inaccessible, expressly stated that the damage would not be corrected by the exterminator, and recommended that the damage be evaluated by a qualified building expert.

Robertson v. Boyd

3. **Unfair Competition § 1— claims for unfair and deceptive trade practices—private parties selling residence—claims properly dismissed**

The trial court did not err in dismissing plaintiffs' claims for unfair and deceptive trade practices against defendants who were private parties engaged in the sale of a residence, since they were not involved in trade or commerce and could not be held liable under N.C.G.S. § 75-1.1.

4. **Unfair Competition § 1— purchase of house with termite damage—unfair or deceptive trade practices claim—action not barred by dismissal of fraud claim or by contributory negligence**

Failure of plaintiffs to state a claim for fraud did not mandate dismissal of their claim for unfair or deceptive trade practices, nor was their claim barred by their contributory negligence in failing to inspect for termite damage in a house which they bought from defendants.

5. **Unfair Competition § 1— unfair or deceptive trade practice—sale of house with termite damage—allegations sufficient**

The trial court erred in dismissing plaintiffs' claim for unfair or deceptive trade practices in the sale of a house with undisclosed termite damages where plaintiffs alleged that defendant realtor and defendant exterminator knew about the termite damage and actively engaged in efforts to prevent plaintiffs from learning of the damage.

6. **Professions and Occupations § 1— claim against exterminator—no negligent preparation of termite report**

The trial court did not err in dismissing plaintiffs' claim against defendant exterminator for negligent preparation of a termite report where the report itself specifically recommended further inspection by a qualified building expert.

7. **Contracts § 23; Vendor and Purchaser § 6— sale of house free of termite damage—waiver of breach of contract**

The trial court properly dismissed plaintiffs' claim for breach of contract where plaintiffs alleged that defendants agreed to sell them a house free from termites and to repair any termite damage, but they discovered after closing that the house needed substantial repairs because of termite damage, since plaintiffs chose to close the transaction and accept the deed with knowledge that there was termite damage, and the intention of the parties was that the repair and cost of termite damage would not survive closing in the absence of a written agreement to the contrary.

APPEAL by plaintiffs from *Kirby, Judge.* Orders entered 20 January 1987 and 19 February 1987 in Superior Court, RUTHER-FORD County. Heard in the Court of Appeals 29 October 1987.

Plaintiffs William Earl Sutton Robertson and wife Kathryn L. Robertson instituted this action seeking damages arising out of their purchase of a house from defendants Finis C. Boyd and wife Betty J. Boyd. The house was first shown to plaintiffs by M. Eu-

gene Booth, president of defendant Booth Realty, Inc. Defendants Boyd had listed the house for sale with Booth Realty. Pursuant to the contract of sale, defendants Boyd furnished plaintiffs with a termite report on the house. The report was prepared by defendant Go-Forth Services, Inc. After closing, plaintiffs discovered termite damage underneath the house. Plaintiffs filed a complaint alleging damages in excess of $10,000 as a result of the misrepresentations and concealment on the part of all three defendants. Plaintiffs further alleged that defendants' conduct constituted unfair and deceptive acts within the meaning of G.S. 75-1.1, entitling plaintiffs to treble damages and attorneys' fees pursuant to G.S. 75-16 and G.S. 75-16.1.

All three defendants filed answers and motions to dismiss pursuant to Rule 12(b)(6) of the N.C. Rules of Civil Procedure. All defendants then filed motions for judgment on the pleadings pursuant to Rule 12(c) of the N.C. Rules of Civil Procedure. Plaintiffs then filed an amendment to their complaint, alleging that defendant Go-Forth Services, Inc. was negligent in its preparation of the termite report. Defendant Go-Forth filed an additional motion to dismiss and answer to the amended complaint. All defendants then filed supplements to their original motions for judgment on the pleadings.

On 20 January 1987, Judge Kirby signed an order dismissing plaintiffs' complaint pursuant to Rule 12(b)(6) of the N.C. Rules of Civil Procedure. Plaintiffs filed notice of appeal the same day. On 19 February 1987, Judge Kirby signed an order granting defendants' motions for judgment on the pleadings. Plaintiffs appeal from both orders.

*Arledge-Callahan Law Firm, by J. Christopher Callahan, for plaintiff-appellants.*

*Hamrick, Bowen, Nanney and Dalton, by Walter H. Dalton, for defendant-appellee Booth Realty, Inc.*

*Tomblin and Perry, by Vance M. Perry, for defendant-appellees Finis C. Boyd and Betty J. Boyd.*

*Roberts Stevens and Cogburn, P.A., by Frank P. Graham, Glenn S. Gentry, and Robert W. Wolf, for defendant-appellee Go-Forth Services, Inc.*

PARKER, Judge.

Plaintiffs first assign error to the trial court's dismissal of plaintiffs' complaint for failure to state a claim upon which relief can be granted. Plaintiffs' second assignment of error is that the trial court erred in granting defendants' motions for judgment on the pleadings. Plaintiffs contend that the trial court had no authority to rule on the motions for judgment on the pleadings after plaintiffs had filed a notice of appeal from the court's prior order dismissing the complaint. Plaintiffs also argue that judgment on the pleadings was not appropriate in this case even if the trial court had the authority to enter its second order.

[1] We first consider whether the trial court had authority to rule on defendants' motions for judgment on the pleadings. The record shows that the order granting said motions was entered after plaintiffs had filed notice of appeal from the prior order dismissing their complaint. After notice of appeal was filed, the trial court had no jurisdiction to enter additional orders. *Lowder v. Mills, Inc.,* 301 N.C. 561, 580-81, 273 S.E. 2d 247, 258-59 (1981). Defendants argue that Judge Kirby actually granted both motions in open court on 12 January 1987, and that the validity of the second order is not affected by his delay in signing it. For the reasons stated below, we do not find it necessary to address defendants' argument.

Both a motion for judgment on the pleadings and a motion to dismiss for failure to state a claim upon which relief can be granted should be granted when a complaint fails to allege facts sufficient to state a cause of action or pleads facts which deny the right to any relief. *Compare Jones v. Warren,* 274 N.C. 166, 169, 161 S.E. 2d 467, 470 (1968) (judgment on pleadings) *with Sutton v. Duke,* 277 N.C. 94, 102-03, 176 S.E. 2d 161, 165-66 (1970) (failure to state a claim upon which relief can be granted). The principal difference between the two motions is that a motion under Rule 12(c) of the N.C. Rules of Civil Procedure is properly made after the pleadings are closed while a motion under Rule 12(b)(6) must be made prior to or contemporaneously with the filing of the responsive pleading.

Defendants in this case apparently utilized Rule 12(c) because they wanted the trial court to consider the termite report and the contract of sale in determining the sufficiency of plaintiffs' com-

Robertson v. Boyd

plaint. These documents were not submitted by plaintiff, but copies of both documents were attached to the answer and motion to dismiss of defendants Boyd and copies of the termite report were attached to the motions to dismiss of defendants Booth Realty and Go-Forth. Because these documents were the subjects of some of plaintiffs' claims and plaintiffs specifically referred to the documents in their complaint, they could properly be considered by the trial court in ruling on a motion under Rule 12(b)(6). *Coley v. Bank*, 41 N.C. App. 121, 126, 254 S.E. 2d 217, 220 (1979). Since all defendants made timely motions pursuant to Rule 12(b)(6) which were granted by the trial court, the court's subsequent order pursuant to Rule 12(c) was redundant and need not be considered on appeal. Thus, the sole issue in this appeal is whether the trial court erred in granting defendants' motions under Rule 12(b)(6) of the N.C. Rules of Civil Procedure.

A complaint may be dismissed pursuant to Rule 12(b)(6) if there is no law to support the claim made, an absence of facts sufficient to make a good claim, or the disclosure of facts which will necessarily defeat the claim. *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E. 2d 240, 241 (1981). In considering a motion to dismiss, a court must assume that the allegations of the complaint are true. *Id.* Plaintiffs' complaint in the present case alleges several causes of action against three defendants. If any claim is sufficient as to any defendant, then dismissal was improper.

[2] The main thrust of plaintiffs' complaint is an action in fraud against all defendants. The complaint alleges that all defendants knew that there was extensive termite damage underneath the house and that defendants deliberately misrepresented the extent of such damage to plaintiffs. Specifically, plaintiffs allege that they asked Mr. Booth about a sagging floor and he replied that it was probably a broken floor joist; that they asked Mr. Booth if there was anything they should know about the house and he answered "no"; and that defendant Go-Forth Services, Inc. knew of the damage but failed to include it in its report. The complaint further alleges that plaintiffs relied on defendants' misrepresentations when they agreed to purchase the house.

The complaint clearly does not allege any positive affirmations on the part of defendants that the house was free from termite damage. In some circumstances, concealment or nondisclo-

sure may support an action in fraud. *Rosenthal v. Perkins*, 42 N.C. App. 449, 452, 257 S.E. 2d 63, 66 (1979). In an action with respect to realty, however, the purchaser can recover only if he has been fraudulently induced to forego inquiries which he otherwise would have made. *Libby Hill Seafood Restaurants, Inc. v. Owens*, 62 N.C. App. 695, 698, 303 S.E. 2d 565, 568, *disc. rev. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983). An action in fraud will not lie where the purchaser has full opportunity to make inquiries but neglects to do so through no artifice or inducement of the seller. *Id.*

In the present case, the complaint alleges that all defendants "collectively and/or individually engaged in an effort to keep the Plaintiffs from discovering [the termite damage]." This bare allegation does not suffice. In an action in fraud, the complaint must allege all material facts and circumstances constituting the fraud with particularity. *Rosenthal v. Perkins*, 42 N.C. App. at 452, 257 S.E. 2d at 65. In addition, plaintiffs' complaint alleges facts which show that they had notice of possible termite damage and failed to investigate.

First, plaintiffs allege that they observed termite damage in wood siding around the cement front porch. They were therefore aware that termites had once infested the house. Next, they saw that the floor was sagging, but relied on Mr. Booth's statement that "the problem was likely an old broken floor joist which could very cheaply and easily be repaired." This alleged statement is clearly a guess or opinion, and plaintiffs were not entitled to rely on it. *See Ragsdale v. Kennedy*, 286 N.C. 130, 139, 209 S.E. 2d 494, 500 (1974).

The clearest bar to plaintiffs' recovery for fraud is the termite report, on which plaintiffs allege they relied. The report notes the visible damage that plaintiffs observed, but states that the back half of the house, the insides of the walls, under the carpets, and the attic were all areas that were not inspected because they were inaccessible. The report expressly stated that the damage would not be corrected by Go-Forth, and recommended that the damage be evaluated by a qualified building expert. The report also contained the following statement: "This is not a structural damage report."

The report shows that, rather than inducing plaintiffs to forego further investigation, defendant Go-Forth actually recommended additional inspection of the premises. Even when the seller of property makes affirmative misrepresentations, the failure of the purchaser to make diligent inquiries when he has notice of a problem precludes a recovery for fraud. *Calloway v. Wyatt,* 246 N.C. 129, 134-35, 97 S.E. 2d 881, 886 (1957); *Libby Hill Seafood Restaurants, Inc. v. Owens,* 62 N.C. App. at 699-700, 303 S.E. 2d at 569. The trial court therefore did not err in dismissing plaintiffs' actions in fraud against all defendants.

[3, 4]  We next consider the sufficiency of plaintiffs' claims that defendants' conduct constituted unfair and deceptive trade practices in violation of G.S. 75-1.1. Defendants Boyd, being private parties engaged in the sale of a residence, were not involved in trade or commerce and cannot be held liable under the statute. *Rosenthal v. Perkins,* 42 N.C. App. at 454, 257 S.E. 2d at 67. However, defendants Booth Realty and Go-Forth were engaged in trade or commerce within the meaning of G.S. 75-1.1. Further, the failure of plaintiffs to state a claim for fraud does not mandate dismissal of their claim for unfair or deceptive trade practices. *Rosenthal v. Perkins,* 42 N.C. App. at 454-55, 257 S.E. 2d at 67.

Defendants rely on *Libby Hill, supra,* to argue that plaintiffs' claim under G.S. 75-1.1 is barred by their failure to make further investigations of the damage to the house. In *Libby Hill,* this Court held that similar conduct supported a directed verdict for the defendant-seller as to a similar claim. *Libby Hill Seafood Restaurants, Inc.,* 62 N.C. App. at 700, 303 S.E. 2d at 569. That holding, however, was based in part on the fact that the plaintiff in *Libby Hill* was a sophisticated corporation engaged in an expensive business venture. *Id.* Moreover, the Supreme Court has disapproved the language used in *Libby Hill* and has held that the defense of contributory negligence is not applicable to actions under G.S. 75-1.1. *Winston Realty Co. v. G.H.G., Inc.,* 314 N.C. 90, 93-96, 331 S.E. 2d 677, 679-81 (1985). Thus, plaintiffs' claim under G.S. 75-1.1 is not barred as a matter of law by their failure to inspect for termite damage.

[5]  Here plaintiffs allege that defendants knew about the termite damage and actively engaged in efforts to prevent plaintiffs from learning of the damage. On its face, therefore, the complaint

alleges conduct which, if proved, may be either unfair or deceptive within the purview of G.S. 75-1.1. *See Johnson v. Insurance Co.*, 300 N.C. 247, 263-66, 266 S.E. 2d 610, 621-22 (1980). Accordingly, this cause of action as to the corporate defendants was not subject to dismissal pursuant to Rule 12(b)(6).

[6] Plaintiffs also asserted a claim against Go-Forth based on negligent preparation of the termite report. For reasons already stated, plaintiffs' failure to make further inspections when such inspections were actually recommended by defendant constituted contributory negligence as a matter of law. *Libby Hill Seafood Restaurants, Inc. v. Owens, supra.* Plaintiffs' reliance on *Plow v. Bug Man Exterminators*, 57 N.C. App. 159, 290 S.E. 2d 787, 32 A.L.R. 4th 678, *disc. rev. denied*, 306 N.C. 558, 294 S.E. 2d 224 (1982) and *Johnson v. Wall*, 38 N.C. App. 406, 248 S.E. 2d 571 (1978) is misplaced. In *Plow*, termites were found in the house after defendant had given plaintiff a certificate reporting no evidence of termites. *Plow*, 57 N.C. App. at 160, 290 S.E. 2d at 788, 32 A.L.R. 4th at 678. In *Johnson*, defendant's report stated that there was no structural weakness. *Johnson*, 57 N.C. App. at 408, 248 S.E. 2d at 573. In neither of these cases did the defendants recommend additional inspection. The negligence claim was properly dismissed.

[7] The final claim to be considered is plaintiffs' claim against defendants Boyd for breach of contract. Although plaintiffs did not set out a separate contract claim, the complaint contains the following paragraphs:

11. . . . . [T]hese Plaintiffs on November 16, 1984, entered into a Contract entitled "Offer to Purchase and Contract" with Defendants Finis C. Foyd [sic] and wife, Betty J. Boyd, to purchase the house and lot at 212 Callahan Street in Rutherfordton, North Carolina for the sum of $27,000.00.

12. Pursuant to the terms of said Contract, the Defendants Finis C. Boyd and wife, Betty J. Boyd were required to furnish Purchasers at their expense a statement showing the absence of termites and structural damage, and if there be any termite damage, to repair same prior to the closing.

. . . .

24. That pursuant to the terms of the Sales Contract, Defendants Finis C. Boyd and wife, Betty J. Boyd owe Plaintiffs amounts necessary to repair the existing termite damage, and are further liable to these Plaintiffs for the acts of and/or omissions of their agent, Defendant Booth Realty, Inc., and in particular the misrepresentations and failure to disclose of agents Go-Forth Services, Inc. and Booth Realty, Inc.

A claim based on contract need only allege the making of the contract, the obligation assumed, and the breach. *Beachboard v. Railway Co.*, 16 N.C. App. 671, 681, 193 S.E. 2d 577, 584 (1972), *cert. denied*, 283 N.C. 106, 194 S.E. 2d 633 (1973). The above quoted portions of the complaint are clearly sufficient to state a claim for breach of contract.

Plaintiffs' claim is based on the following provision of the contract:

9. TERMITES, ETC.: Unless otherwise stated herein, Seller shall provide at Seller's expense a statement showing the absence of termites, wood-destroying insects and organisms and structural damage therefrom . . . . All extermination required and repair of damage therefrom shall be paid for by Seller and completed prior to closing unless otherwise agreed in writing by the parties.

Defendants Boyd argue that plaintiffs' contract claim is defective because they chose to close the transaction and accept the deed with knowledge that there was termite damage. We agree. The contract states specifically that repair of damage from termites shall be paid for by seller and completed before closing unless otherwise agreed in writing by the parties. Plaintiffs have alleged no other writing evidencing an agreement to the contrary. Where the terms of a contract are plain and unambiguous, the intention of the parties will be discerned from the language employed. *Corbin v. Langdon*, 23 N.C. App. 21, 25, 208 S.E. 2d 251, 254 (1974). The survival clause in the contract does not assist plaintiffs' claim because the obvious intention of the parties was that the repair and cost of termite damage would not survive closing in the absence of a written agreement to the contrary. Dismissal of the claim for breach of contract was properly entered.

We conclude that plaintiffs' complaint sufficiently states claims upon which relief can be granted as to defendants Booth

Realty, Inc. and Go-Forth Services, Inc. under G.S. 75-1.1. The trial court therefore erred in granting defendants' motions under Rule 12(b)(6) of the N.C. Rules of Civil Procedure with respect to said claims. Plaintiffs' remaining claims for fraud, negligence and breach of contract were properly dismissed.

Affirmed in part; reversed in part; and remanded.

Judges EAGLES and MARTIN concur.

Judge MARTIN concurred in this opinion prior to 31 December 1987.