M. A. BHATTI, PLAINTIFF-APPELLANT v. CARL D. BUCKLAND, DEFENDANT-APPELLEE

No. 8915SC1148

(Filed 7 August 1990)

**Unfair Competition § 1 (NCI3d) — sale of residence — public auction — individual's fraud not unfair trade practice**

Fraud by an individual in the sale of a residence through a realtor at a public auction did not constitute an unfair trade practice in violation of N.C.G.S. § 75-1.1 since the individual defendant's actions were not "in or affecting commerce."

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 735.**

Judge GREENE dissenting.

APPEAL by plaintiff from an Order entered 18 August 1989 by *Judge George M. Fountain* denying plaintiff's motion to amend judgment to treble damages and award attorney's fees. Heard in the Court of Appeals 2 May 1990.

Defendant owned real property on Williamson Avenue in Elon College, North Carolina. He offered this property for sale at public auction on 27 June 1987. Defendant employed Teague Auction and Realty, Inc. ("Teague") as his agent and it advertised the auction through flyers, circulars and newspaper advertisements.

The plaintiff was the highest bidder at the auction, bidding $105,000.00. As required by the terms of the sale, he deposited $10,500.00 with Teague. Shortly after the auction, plaintiff discovered that the property was not as advertised. He immediately notified

defendant and Teague that he was rescinding and revoking his bid and demanded return of his deposit. Defendant refused.

On 12 August 1987, plaintiff filed an action for breach of contract, fraud, treble damages and attorney's fees pursuant to G.S. Chapter 75. Fraud and damages were found by the jury in the amount of $10,500.00. The trial court refused to award treble damages pursuant to G.S. Chapter 75. Plaintiff appeals.

*Latham, Wood, Eagles & Hawkins, by B.F. Wood and William A. Eagles, for plaintiff-appellant.*

*Douglas R. Hoy for defendant-appellee.*

LEWIS, Judge.

Plaintiff appeals the denial of treble damages and attorney's fees pursuant to G.S. Chapter 75. G.S. § 75-1.1 makes it unlawful to engage in "unfair or deceptive acts or practices in or affecting commerce." G.S. § 75-16 and § 75-16.1 provide for the award of treble damages and attorney's fees for violations of Chapter 75. Defendant has violated Chapter 75. "Proof of fraud would necessarily constitute a violation of the prohibition against unfair and deceptive acts. . . ." *Hardy v. Toler*, 288 N.C. 303, 309, 218 S.E.2d 342, 346 (1975); *Rosenthal v. Perkins*, 42 N.C. App. 449, 455, 257 S.E.2d 63, 67 (1979). Therefore, the issue before us is whether appellee Buckland's activities were "in or affecting commerce." G.S. § 75-1.1.

Defendant argues that because he is a private individual, his actions were not "in or affecting commerce." In support of this proposition he cites *Rosenthal v. Perkins, supra*, and *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988). Both of these cases dealt with private individuals who engaged realtors to sell their residences. The Court, in *Rosenthal*, stated "The defendants Goldberg [individuals] were not engaged in trade or commerce. They did not by the sale of their residence on this one occasion become realtors. It is clear from the cases involving violation of the Unfair Trade Practices Act that the alleged violators must be engaged in a business, a commercial or industrial establishment or enterprise." 42 N.C. App. at 454, 257 S.E.2d 67 (citations omitted). The Court went on to find that the defendants' realtor was engaged in commerce within the meaning of G.S. § 75-1.1. *Id.* Similarly, in *Robertson*, the Court stated, "Defendants Boyd, being private parties engaged in the sale of a residence, were not involved in

trade or commerce and cannot be held liable under the statute."
88 N.C. App. 443, 363 S.E.2d 676. The Court found the realtors
to be within the meaning of the statute and reversed dismissal
of the plaintiff's claims against the realtors. *Id.* In the present
case the defendant was a private individual who engaged a realtor
to auction a residence on his behalf. There is no evidence in the
record that defendant was in the business of buying and selling
residential real estate. *See Wilder v. Squires*, 68 N.C. App. 310,
315 S.E.2d 63, *disc. rev. denied*, 311 N.C. 769, 321 S.E.2d 158 (1984)
(substantial evidence in record that sale of residential real estate
was a business activity). *Rosenthal* and *Robertson* control our deci-
sion in this case. Accordingly, we do not find that his actions were
in or affecting commerce for purposes of G.S. § 75-1.1.

Affirmed.

Judge ORR concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

The majority determines that the *Rosenthal* and *Robertson*
decisions dictate the holding that the trial court correctly found
that defendant's sale of a residence was not "in or affecting com-
merce." I disagree.

I read the *Rosenthal* and *Robertson* decisions to exempt only
individual homeowners selling their own homes from operation of
the Unfair and Deceptive Trade Practices Act. This court noted
that for defendants in the *Rosenthal* decision, the "sale of their
own home was an isolated transaction." *Wilder v. Squires*, 68 N.C.
App. 310, 314, 315 S.E.2d 63, 66, *disc. rev. denied*, 311 N.C. 769,
321 S.E.2d 158 (1984). For defendant to take advantage of the
homeowners exception created by *Rosenthal* and *Robertson*, he
must raise and prove as an affirmative defense his status as a
homeowner selling his own home in an isolated transaction. Here,
no record evidence supports a finding that defendant was a
homeowner selling his own home. On the contrary, defendant's
pleadings indicate that the property in question was not his home.
Therefore, I would reverse the trial court's denial of treble damages,
and remand for trebling of the damages. *See Marshall v. Miller*,
302 N.C. 539, 547, 276 S.E.2d 397, 402 (1981). I would also remand

for the court's reconsideration of plaintiff's plea for attorney fees according to N.C.G.S. § 75-16.1.

Even if this defendant were a homeowner selling his home, no language in N.C.G.S. § 75-1.1 indicates that the legislature intended to insulate from liability homeowners who engage in unfair and deceptive acts, since a house sale always is 'in commerce' or 'affects commerce.' *See Johnson v. Beverly-Hanks & Associates,* 97 N.C. App. 335, 350-52, 388 S.E.2d 584, 592-93 (1990) (Greene, J., concurring in part and dissenting in part).