Bucci v. Burns, 2018 NCBC 92.

STATE OF NORTH CAROLINA

WAKE COUNTY

MARCY BUCCI; KEVIN SALVA;
RICK BUCCI; EUGENE N. BUCCI;
EUGENE M. BUCCI; DAVID
LUBIN; KARL SCHULER; and
LAUREL MANDERBACH,

          Plaintiffs,

v.

ROBERT BURNS; ZEESHAN-UL-
HASSAN USMANI; and GARRETT
PERDUE,

          Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 15478

**ORDER AND OPINION ON
MOTION FOR JUDGMENT
ON THE PLEADINGS**

1. This is an action for fraud brought by former investors in Predictify.me, Inc. ("Predictify.me"). Pending is Defendant Robert Burns's motion for judgment on the pleadings. For the reasons given below, the Court **DENIES** the motion.

> *Meynardie & Nanney, PLLC, by Joseph H. Nanney, Robert A. Meynardie, and Robert W. Weston, for Plaintiffs Marcy Bucci, Kevin Salva, Rick Bucci, Eugene N. Bucci, Eugene M. Bucci, David Lubin, Karl Schuler, and Laurel Manderbach.*
>
> *North Raleigh Law Group, by Robert Morton, for Defendant Robert Burns.*
>
> *Graebe Hanna & Sullivan, PLLC, by Douglas Hanna, for Defendant Garrett Perdue.*

Conrad, Judge.

I.
BACKGROUND

2. This is the Court's third opinion in this lawsuit. An earlier opinion describes in detail the allegations in the amended complaint. *See Bucci v. Burns*, 2018 NCBC

LEXIS 37, at *1–5 (N.C. Super. Ct. Apr. 25, 2018). Thus, the Court provides only a short summary here in lieu of a detailed background.

3. Predictify.me was a technology company, co-founded by Defendants Zeeshan-Ul-Hassan Usmani, Robert Burns, and Garrett Perdue. (*See* Am. Compl. ¶¶ 24, 31, ECF No. 29.) According to the amended complaint, Defendants jointly planned from the outset to market the new company to investors based on a falsehood: that Predictify.me owned proprietary technology developed by Usmani through his company, Go-Fig Solutions (Pvt) Ltd. (*See* Am. Compl. ¶¶ 24, 26–27.) After some time, Defendants also falsely represented that Predictify.me had begun a business relationship with the United Nations. (*See* Am. Compl. ¶¶ 77, 83–86.) Between December 2014 and June 2015, each Plaintiff invested in Predictify.me, allegedly in reliance on these misrepresentations. (*See* Am. Compl. ¶¶ 96, 124; *see also* Am. Compl. ¶¶ 53, 87, 97–98, 109–17, 120–23.) When the truth was revealed a year later, the company filed for bankruptcy, and Plaintiffs lost their investments. (*See* Am. Compl. ¶ 142.)

4. At the time the amended complaint was filed, there were fourteen Plaintiffs. Six have since voluntarily dismissed their claims. (ECF Nos. 48–49, 69–72.) The remaining Plaintiffs continue to maintain causes of action for fraud, negligent misrepresentation, violations of the North Carolina Securities Act, and unfair or deceptive trade practices under N.C. Gen. Stat. § 75-1.1. Perdue moved to dismiss these claims in December 2017, (ECF No. 36), and the Court largely denied his motion in its April 25, 2018 opinion.

5. Burns now moves for judgment on the pleadings under Rule 12(c) of the North Carolina Rules of Civil Procedure. (ECF No. 56.) The motion has been fully briefed, and the Court held a hearing on July 12, 2018. The motion is ripe for determination.

## II.
## ANALYSIS

6. "A motion for judgment on the pleadings should not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Carpenter v. Carpenter*, 189 N.C. App. 755, 761, 659 S.E.2d 762, 767 (2008). "All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974).

7. As filed, Burns's motion challenged all claims asserted against him on several distinct grounds, many of which overlapped with arguments asserted in Perdue's motion to dismiss. After the Court issued its April 25, 2018 opinion, Burns withdrew most of his arguments and requested that the Court not consider any exhibits attached to his motion. (*See* Notice of Withdrawal 1–2, ECF No. 68.) The sole remaining issue is whether Plaintiffs (other than Marcy Bucci) have adequately alleged justifiable reliance in support of their claims for fraud and negligent misrepresentation. (*See* Notice of Withdrawal 1–2; Mot. Dismiss 1, ECF No. 56.)

8. Justifiable reliance is an essential element of claims for fraud (including securities fraud) and negligent misrepresentation. To state a claim for fraud,

Plaintiffs must allege (a) a false representation or concealment of a material fact; (b) that was reasonably calculated to deceive; (c) that was made with intent to deceive; (d) that did in fact deceive; and (e) that resulted in damage to the injured party. *Rowan Cty. Bd. of Educ. v. U.S. Gypsum Co.*, 332 N.C. 1, 17, 418 S.E.2d 648, 658 (1992); *see also Piazza v. Kirkbride*, 246 N.C. App. 576, 598, 785 S.E.2d 695, 709 (2016) (holding that securities fraud requires "allegations and proof akin to common law fraud," including "justifiable reliance"). "The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 484, 593 S.E.2d 595, 600 (2004) (citation omitted).

9. Burns asserts that the amended complaint's allegations of justifiable reliance are inadequate. He argues that Plaintiffs were required to allege that they were denied the opportunity to investigate Defendants' purported misrepresentations or that they could not have learned the truth through the exercise of reasonable diligence. (*See* Burns's Br. in Supp. 10–11, 14–17, ECF No. 57; *see also* Burns's Reply Br. 3, 10, ECF No. 64.) Plaintiffs respond that it was sufficient for them to allege that they reasonably relied on affirmative misrepresentations by Burns. (*See* Pls.' Resp. Br. 9–13, ECF No. 63.)

10. The Court agrees with Plaintiffs. Whether reliance is reasonable is "dependent upon the circumstances." *Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP*, 129 N.C. App. 119, 126, 498 S.E.2d 196, 201 (1998). Our Supreme Court has

held that "the law does not require a prudent man to deal with everyone as a rascal and demand covenants to guard against the falsehood of every representation which may be made as to facts which constitute material inducements to a contract." *Johnson v. Owens*, 263 N.C. 754, 758, 140 S.E.2d 311, 314 (1965) (citation and quotation marks omitted). For that reason, "it is generally for the jury to decide whether plaintiff reasonably relied upon representations made by defendant." *Rowan Cty.*, 103 N.C. App. at 294, 407 S.E.2d at 863 (quoting *Stanford v. Owens*, 46 N.C. App. 388, 395, 265 S.E.2d 617, 622 (1980)).

11. There are circumstances in which a plaintiff must allege more than simple reliance. "[W]hen the party relying on the false or misleading representation *could have discovered the truth upon inquiry*, the complaint must allege that he was denied the opportunity to investigate or that he could not have learned the true facts by exercise of reasonable diligence." *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 346, 511 S.E.2d 309, 313 (1999) (citing *Rosenthal v. Perkins*, 42 N.C. App. 449, 257 S.E.2d 63 (1979)) (emphasis added).

12. That standard does not apply here. Taking the allegations in the amended complaint as true, it is far from clear that Plaintiffs could have discovered the truth upon inquiry. Defendants are the only ones alleged to have known the truth about either misrepresentation, which they conspired to hide. (*See* Am. Compl. ¶¶ 24, 146.) Not even the Board of Directors knew the truth until it was too late. (*See* Am. Compl. ¶¶ 138–39, 142.) In other words, as alleged, Burns had information about Predictify.me that Plaintiffs would not have been "able to obtain on their own."

*Herrera v. Charlotte Sch. of Law, LLC*, 2018 NCBC LEXIS 35, at *48 (N.C. Super. Ct. Apr. 20, 2018); *see also Tillery Envtl. LLC v. A&D Holdings, Inc.*, 2018 NCBC LEXIS 13, at *55–56 (N.C. Super. Ct. Feb. 9, 2018) (denying motion to dismiss because it was unclear from allegations whether party "could have discovered the truth of these matters via further inquiry"); *McKee v. James*, 2013 NCBC LEXIS 33, at *29 (N.C. Super. Ct. July 24, 2013) (same).

13.    Burns does not point to any circumstances that would have put a reasonable investor on notice of a possible misrepresentation. *See, e.g., Calloway v. Wyatt*, 246 N.C. 129, 135, 97 S.E.2d 881, 886 (1957) (vague representations inconsistent with observed facts). Rather, Plaintiffs allege receiving the representations through multiple, ostensibly credible channels: a company press release, an investor disclosure notebook, and interviews in print and television news media. (*See* Am. Compl. ¶¶ 43, 54, 81.) And this is not a case in which Plaintiffs could have researched "independent public information" to verify (or to disprove) Defendants' representations. *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 2015 NCBC LEXIS 64, at *17 (N.C. Super. Ct. June 19, 2015); *see also Chisum v. Campagna*, 2017 NCBC LEXIS 102, at *28–30 (N.C. Super. Ct. Nov. 7, 2017) (no justifiable reliance where plaintiff failed to exercise record inspection rights); *Angell v. Kelly*, No. 1:01CV00435, 2006 U.S. Dist. LEXIS 87567, at *25 (M.D.N.C. Nov. 30, 2006) ("The truth-revealing documents were publicly available.").

14.    Although Burns argues that discovery has revealed red flags that should have prompted Plaintiffs to investigate further, the Court is constrained to consider

only the allegations in the amended complaint on a Rule 12(c) motion. And in any event, Burns has withdrawn the exhibits attached to his motion. Burns may, of course, raise this evidence in a motion for summary judgment at the appropriate time.

15. Applying the Rule 12(c) standard, the amended complaint adequately alleges reliance. Burns's motion is therefore denied.

III.
CONCLUSION

16. For these reasons, the Court **DENIES** Burns's motion for judgment on the pleadings.

This the 4th day of September, 2018.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
for Complex Business Cases