LIBBY HILL SEAFOOD RESTAURANTS, INC. v. EDWARD P. OWENS AND
WIFE, NANCY P. OWENS, J. R. YARBROUGH, SUSANNA R. GWYN, AND
IDLE WILDE LAND AND CATTLE CO.

No. 8221SC753

(Filed 21 June 1983)

Vendor and Purchaser § 6— restaurant built on landfill—former use of lot known
    to plaintiff—contributory negligence per se

    The trial court properly granted defendants' motion for directed verdict
and dismissed plaintiff's actions based on fraud, negligent misrepresentation,
breach of express warranty and unfair and deceptive trade practices where
the evidence tended to show that plaintiff purchased commercial real estate
from defendants, the land had been used by the City of Winston-Salem for 35
years as a trash dump, fill dirt had been added to the land, plaintiff's directors
knew the lot was on or near land that had been used as a trash dump, and no
independent investigations or test borings of the property were made before
purchasing it and commencing construction. The evidence indicating that plain-
tiff knew of the former use for the land and that plaintiff had full opportunity
to make pertinent inquiries but failed to do so through no artifice or induce-
ment of defendants was sufficient evidence to indicate plaintiff was con-
tributorily negligent as a matter of law.

APPEAL by the plaintiff from *Wood, Judge.* Judgment filed 8
April 1982 in Superior Court, FORSYTH County. Heard in the
Court of Appeals 16 May 1983.

Plaintiff sought damages arising from its purchase of com-
mercial real estate from defendants, basing its claims on fraud,
negligent misrepresentation, breach of express warranty and un-
fair and deceptive trade practices in violation of G.S. 75-1.1. At
the close of plaintiff's evidence, the trial court granted defend-
ants' motion for directed verdict, dismissed plaintiff's action with
prejudice and entered judgment from which plaintiff appeals.

---

---

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Walter L. Hannah, Charles T. Hagan, III, and Beth H. Daniel, for plaintiff-appellant.*

*Weston P. Hatfield and Carol L. Allen for defendants-appellees.*

HILL, Judge.

The sole question for decision is whether plaintiff's evidence, when considered in the light most favorable to plaintiff, is sufficient as a matter of law for submission to the jury. We hold that it is not. However, even if sufficient evidence of wrongdoing has been offered, plaintiff is contributorily negligent as a matter of law. We therefore affirm the judgment below.

Plaintiff's evidence tends to show defendants Owens acquired a tract of land including the subject lot from the City of Winston-Salem which for some 35 years had used the area as a trash dump. The Owenses thereafter entered into agreements with defendants Yarbrough, Gwyn and Idle Wilde Land and Cattle Co. (a corporation wholly owned by Yarbrough and Gwyn) that, in practical effect, created a partnership for the development and sale of the property consisting of the Owenses, Yarbrough and Gwyn. Yarbrough and Gwyn took active roles in developing the total acreage and negotiating with prospective purchasers.

In 1974 and 1975, defendants added 100,000 cubic yards of fill dirt to the land immediately abutting Silas Creek Parkway to raise the property to grade and, in cooperation with City engineers, installed a gas barrier system to eliminate any remaining methane gas produced by the trash fill. Once the fill dirt was added, the location of the trash dump was no longer apparent.

In 1975, David Conrad, a vice-president of plaintiff Libby Hill Seafood Restaurants, Inc. (Libby Hill) approached defendants about purchasing the subject lot for a restaurant site. Conrad and the other corporate directors knew the lot was on or near land that had been used as a trash dump. Nevertheless, plaintiff made no independent investigations or test borings of the property before purchasing it and commencing construction.

In 1976, Libby Hill built the restaurant and opened for business. Subsequently, cracks appeared in the building. Retained

by plaintiff, Geotechnical Engineering Corporation (Geotechnical) examined the building and underlying soil, finding, among other things, that the rear of the restaurant lay over a wedge of trash. Although Libby Hill followed Geotechnical's recommendations, it was unable to halt the deterioration of the building, which was eventually closed and razed.

In its restated complaint filed 5 December 1980, plaintiff asserts claims based on fraud, negligent misrepresentation, breach of express warranty and violation of G.S. 75-1.1. By their answer, defendants deny the material allegations of the complaint and assert plaintiff's negligence. The trial court granted defendants' motion for directed verdict at the close of plaintiff's evidence and accordingly entered judgment from which plaintiff appeals.

This case hinges on plaintiff's allegations that defendants culpably misrepresented or failed to disclose (1) the property's fitness of composition and compaction to support a building of the type plaintiff contemplated and (2) the distance of the trash dump from the building site. Plaintiff contends that defendants' misrepresentations induced it to forego independent examination, including test borings of the property, which would have revealed the trash dump extended well into the building lot.

We find, however, that the statements attributed to defendants are mere opinions regarding the location of the trash dump upon which plaintiff unreasonably relied, and that, in any event, the plaintiff was under a duty to conduct independent investigations before commencing its costly venture. Plaintiff's duty is particularly clear since the structural defects complained of stem from the manner in which the building was constructed and the compaction of the underlying soil, circumstances that plaintiff should have independently investigated and about which defendants made no comment of record.

Upon motion for directed verdict made by defendants, the question before the Court is whether the evidence offered by plaintiff, when considered in the light most favorable to plaintiff and allowed the benefit of every reasonable inference which may be drawn therefrom, is insufficient as a matter of law for submission to the jury. G.S. 1A-1, Rule 50(a), *Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972), *Clark v. Bodycombe*, 289 N.C.

246, 221 S.E. 2d 506 (1976). The defendants' motion may be granted where plaintiff's evidence is insufficient to support a verdict in plaintiff's favor. *Snow v. Power Co.,* 297 N.C. 591, 256 S.E. 2d 227 (1979). Having therefore inquired into the sufficiency of the evidence, *see Naylor v. Naylor,* 11 N.C. App. 384, 181 S.E. 2d 222 (1971), we conclude plaintiff's evidence is insufficient as a matter of law to support a verdict in its favor and, quite to the contrary, indicates plaintiff was negligent.

> To make out an actionable case of fraud, plaintiff must show: (a) that the defendant made a representation relating to some material past or existing fact; (b) that the representation was false; (c) that when he made it defendant knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (d) that the defendant made the false representation with the intention that it should be acted on by the plaintiff; (e) that the plaintiff reasonably relied upon the representation and acted upon it; and (f) that the plaintiff suffered injury.

*Odom v. Little Rock & I-85 Corp.,* 299 N.C. 86, 91-92, 261 S.E. 2d 99, 103 (1980). While the presence of any of the elements is questionable, the most glaring omissions are sufficient evidence of (1) a representation, false or otherwise, and (2) reasonable reliance.

An action in fraud for misrepresentations regarding realty will lie *only* where the purchaser has been fraudulently induced to forego inquiries which he otherwise would have made. *Harding v. Insurance Co.,* 218 N.C. 129, 10 S.E. 2d 599 (1940). Thus, the representation generally must be definite and specific. *Ragsdale v. Kennedy,* 286 N.C. 130, 209 S.E. 2d 494 (1974). The specificity required depends on the tendency of the statement to deceive under the circumstances, *id.;* a vague statement is nevertheless deemed a representation of fact if the speaker has peculiar knowledge of the fact. Thus, where material facts are available to the vendor alone, he or she *must* disclose them. *Brooks v. Construction Co.,* 253 N.C. 214, 116 S.E. 2d 454 (1960). Where, however, the purchaser has full opportunity to make pertinent inquiries but fails to do so through no artifice or inducement of the seller, an action in fraud will not lie. *Harding v. Insurance Co., supra.*

Plaintiff complains that statements of defendant Yarbrough indicating the trash fill ended "approximately" or "exactly" 20 feet inside the rear propertly line, the supposed location of the gas barrier system, amounted to a representation of fact. Not only is plaintiff's testimony on the point equivocal, but the context indicates the purported representation is merely a vague speculation: (1) The alleged representation was made by pointing to a place in the property; (2) No measurements were taken as a result of the pointing; (3) No stakes or markers were laid. Nor did Yarbrough have peculiar knowledge of the facts. He was, as plaintiff well knew, a real estate professional, not a contractor, builder, soil engineer, or gas barrier installer.

Plaintiff understood Yarbrough relied on other sources for his information, in particular, a soil test report by Coleman Engineering Laboratories, Inc., yet failed to avail itself of the Coleman report or the opportunity to confer with defendants' technical consultants. Plaintiff had ample opportunity to investigate the premises and engage independent technical assistance; a duty to disclose is simply not at issue here. *Cf. Brooks v. Construction Co., supra* (because a defect in the residential property was not apparent to the purchaser and could not be discovered through diligent investigation, the builder-vendor had an affirmative duty to disclose). Indeed, the vague statements cited put plaintiff on notice to ascertain the conditon of the soil before commencing construction.

Plaintiff's claims based on breach of express warranty and negligent misrepresentation succumb to the foregoing analysis as well. Having found the alleged misrepresentations are no more than the expression of Yarbrough's opinion, we conclude they certainly "do not rise to the level of 'affirmation of fact or promise' required for the creation of an express warranty." *Stanford v. Owens,* 46 N.C. App. 388, 393, 265 S.E. 2d 617, 621, *disc. rev. denied,* 301 N.C. 95, --- S.E. 2d --- (1980). Nor, regarding the negligence claim, has plaintiff established defendants breached their duty of care as sellers of real estate by speculating about matters within the peculiar knowledge of contractors, builders and soil engineers.

Even if Yarbrough's statements were representations, plaintiff has failed to show reasonable reliance. A purchaser who is on

equal footing with the vendor and has equal means of knowing the truth is contributorily negligent if he relies on a vendor's statements regarding the physical condition of property. *Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881 (1957); *Harding v. Insurance Co., supra; cf. Johnson v. Wall*, 38 N.C. App. 406, 248 S.E. 2d 571 (1978) (reiterating the general rule, this Court nevertheless found a directed verdict on grounds of contributory negligence insupportable where, among other things, the opposing party obtained an independent examination of the premises by a neutral third party). "The right to rely on representations is inseparably connected with the correlative problem of the duty of a representee to use diligence in respect of representations made to him. The policy of the courts is, on the one hand, to suppress fraud and, on the other, not to encourage negligence and inattention to one's own interest." *Calloway v. Wyatt, supra* at 134-135, 97 S.E. 2d at 886. We find that, being on equal footing with defendants, plaintiff had no right to rely on defendants' statements and was negligent in doing so.

Finally, plaintiff's claim for unfair and deceptive trade practices pursuant to G.S. 75-1.1 is similarly appropriate for directed verdict. In essence, a party is guilty of an unfair act or practice when it engages in conduct that amounts to an inequitable assertion of its power or position. *See generally, Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). Even if defendants misrepresented the location of the trash fill, this sophisticated plaintiff could and should have verified defendants' assertions. Surely any corporation contemplating a $100,000.00 venture would be expected to have exercised at least this minimal degree of prudence.

We have examined plaintiff's remaining arguments and find them to be without merit.

Affirmed.

Chief Judge VAUGHN and Judge BECTON concur.