ROBERT J. KNAPP v. DICKERSON GROUP OF MONROE, N. C., INC. AND IRON PEDDLERS, INC.

No. 8720SC644

(Filed 15 March 1988)

**Fraud § 12— insufficient evidence of element of damage**

Plaintiff's evidence on motion for summary judgment was insufficient to establish the damage element of fraud where it showed that plaintiff purchased at an auction a tractor that soon ceased to operate; the tractor was listed as being in "fair" condition, which was the next to last condition and meant that it had seen considerable service and might require an overhaul soon; plaintiff was aware of the condition of the tractor when he purchased it; and plaintiff had an opportunity to make pertinent inquiries about the tractor but failed to do so.

APPEAL by plaintiff from *Mills, Judge.* Judgment entered 16 February 1987 in Superior Court, UNION County. Heard in the Court of Appeals 10 December 1987.

On 28 March 1985, plaintiff attended an auction in Monroe, North Carolina where construction equipment belonging to both defendants and others was sold. A brochure was distributed by the auctioneer, Yoder & Frey Auctioneers, Inc., which stated:

The equipment may be inspected at any time. Most of the equipment will be running prior to sale and will be demonstrated upon request. Should you have any questions whatsoever during the sale, please feel free to ask any one of the clerks or Auctioneers.

\* \* \* \*

All descriptions of equipment in this catalog are believed to be correct and have been conscientiously set forth by the owner. However, neither the owner nor the auctioneers are responsible for any errors in description or conditions. The equipment is available to the public for inspection and the foregoing is merely a helpful guide, and is in no way a warranty or guarantee, actual or implied.

\* \* \* \*

EVERYTHING SOLD "AS IS"—"WHERE IS"!!

The brochure also stated that the equipment would be labeled as being in one of five conditions: excellent, very good, good, fair and poor.

Plaintiff purchased a "Caterpillar Crawler Tractor" which was listed as being in "fair" condition. A piece of equipment listed as being in "fair" condition was described by the brochure in the following words: "[h]as had considerable service and may require overhaul soon."

After the plaintiff purchased the tractor, it soon thereafter ceased to function. Plaintiff then learned that Iron Peddlers, Inc. had been the prior owner and not the Dickerson Group of Monroe, N.C., Inc., as plaintiff, due to the advertising of the sale, had previously thought. In response, plaintiff filed a complaint alleging that he had been damaged by the unfair and deceptive trade practices of defendants.

Both defendants filed motions for summary judgment. Plaintiff then served interrogatories on defendants by mail and filed a response to the motions for summary judgment, objecting to a hearing on the summary judgment motions until his outstanding discovery was completed. Iron Peddlers, Inc. responded to plaintiff's interrogatories while Dickerson Group of Monroe, N.C., Inc. did not.

The trial court granted both defendants' motions for summary judgment. From this judgment, plaintiff appeals.

*Charles D. Humphries for plaintiff appellant.*

*Smith, Helms, Mulliss & Moore, by Rolly L. Chambers, for defendant appellee, Dickerson Group of Monroe, N.C., Inc.*

*Thomas, Harrington & Biedler, by Larry E. Harrington, for defendant appellee, Iron Peddlers, Inc.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in granting both defendants' motions for summary judgment. We disagree.

In order to make out a case of actionable fraud a plaintiff must show:

(a) that defendant made a representation relating to some material past or existing fact; (b) that the representation was false; (c) that defendant knew the representation was false when it was made or made it recklessly without any knowledge of its truth and as a positive assertion; (d) that defendant made the false representation with the intention that it should be relied upon by plaintiffs; (e) that plaintiffs reasonably relied upon the representation and acted upon it; and (f) that plaintiffs suffered injury.

*Johnson v. Insurance Co.*, 300 N.C. 247, 253, 266 S.E. 2d 610, 615 (1980).

Summary judgment is properly granted to a defendant when the record before the court shows that plaintiff fails to establish an essential element of his claim. *Id.* at 260, 266 S.E. 2d at 619. Even assuming *arguendo* that plaintiff presented sufficient evidence to establish the first five elements of fraud, summary judgment would still be proper because plaintiff in no way established that he suffered any damage.

In the present case, the facts show that the tractor purchased by plaintiff was labeled as being in "fair" condition, meaning that it had seen considerable service and might require an overhaul soon. Plaintiff was well aware of the condition of the tractor when he purchased it. Out of five possible condition ratings, the tractor was classified at the second to the last level. If plaintiff had further questions about the piece of equipment, he should have brought them forth at the time of sale. When a buyer has the opportunity to make pertinent inquiries but fails to do so, through no inducement by the seller, then no action in fraud will lie. *Libby Hill Seafood Restaurants, Inc. v. Owens*, 62 N.C. App. 695, 303 S.E. 2d 565, *disc. rev. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983). Since plaintiff failed to establish any damage, the trial court was correct to grant both defendants' motions for summary judgment.

Affirmed.

Judges JOHNSON and ORR concur.