DONALD J. NESS AND WIFE, CAROL E. NESS v. JACKIE JONES AND TOWN &
COUNTRY REAL ESTATE OF JACKSONVILLE, INC.

No. 874SC854

(Filed 5 April 1988)

**Brokers and Factors § 4.1— negligence of real estate broker—12(b)(6) dismissal improper**

The trial court erred by granting defendant's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action in which plaintiffs alleged that defendants were negligent in advising plaintiffs that plaintiff wife was entitled to V.A. home financing apart from her husband's V.A. entitlement.

APPEAL by plaintiffs from *Small, Judge.* Order entered 11 June 1987 in Superior Court, ONSLOW County. Heard in the Court of Appeals 9 February 1988.

*Robert T. Hargett for plaintiff appellants.*

*Womble Carlyle Sandridge & Rice by Robert H. Sasser, III, and Ellen M. Gregg for defendant appellees.*

COZORT, Judge.

The issue before us in this case is whether plaintiffs' complaint fails to state a claim upon which relief can be granted. Plaintiffs sued defendants alleging that defendants were negligent in advising plaintiffs that the plaintiff-wife was entitled to V.A. home financing separate and apart from her husband's V.A. entitlement. The trial court granted defendants' Rule 12(b)(6) motion to dismiss. We reverse and remand the case for further proceedings.

The complaint alleged the following:

Plaintiffs contracted with defendant Jones, an agent with defendant Town & Country Real Estate, to list and sell their home. Plaintiff-husband had used his Veterans Administration (V.A.) en-

Ness v. Jones

titlement to purchase the home listed with defendants for sale. Plaintiffs told defendant Jones that it was important to keep plaintiff-husband's V.A. entitlement for the purchase of a new residence. Defendant Jones told plaintiffs that the wife was eligible for a V.A. loan entitlement by virtue of her military service.

After being advised by Jones that the wife was eligible for V.A. financing, plaintiffs agreed to sell their home to a couple who assumed plaintiffs' V.A. loan, thereby using up plaintiff-husband's V.A. entitlement. Plaintiffs entered into a contract to buy another home and applied for V.A. financing using plaintiff-wife's V.A. entitlement. Plaintiffs were informed by the lending institution that plaintiff-wife was not eligible for V.A. financing. Plaintiffs canceled their contract to purchase the new residence and moved out of that home because they were unable to qualify for financing.

Plaintiffs claim defendants were negligent in misinforming plaintiffs of eligibility requirements for V.A. financing. Plaintiffs contend defendants had an affirmative duty not to make willful or negligent misrepresentations or omissions of material facts. As real estate agents in the Jacksonville area, defendants should have been familiar with the eligibility rules for V.A. loans because most of the real estate transactions in the Jacksonville area involved V.A. financing.

When reviewing a motion to dismiss, a court considers that allegations made in plaintiffs' complaint are taken as true. *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E. 2d 240, 241 (1981). A Rule 12(b)(6) motion should be granted only where " '*it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*' " *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970) (emphasis in original).

Plaintiffs contend in their brief that the complaint has sufficiently alleged a duty, a breach of that duty, and substantial damages to plaintiff proximately caused by that breach. Plaintiffs further contend there is no insurmountable bar raised in the complaint which would prevent recovery.

In their brief, defendants respond that the plaintiffs' complaint fails to establish that plaintiffs justifiably relied upon any false information allegedly provided by the defendants. While ad-

mitting that the question of justifiable reliance is generally a factual issue for the jury, defendants contend that the trial court may properly hold that a plaintiff's reliance is unreasonable as a matter of law. In support of this argument defendants rely principally upon *Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881 (1957), and *Libby Hill Seafood Restaurants, Inc. v. Owens*, 62 N.C. App. 695, 303 S.E. 2d 565, *disc. rev. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983). We find defendants' reliance misplaced, their argument unpersuasive, and the trial court's order of dismissal error.

In *Calloway*, the Supreme Court affirmed a *directed verdict* for the defendant at the close of plaintiffs' evidence in an action grounded on *fraud*. The Court's specific holding was that there were insufficient averments of facts in the complaint from which an intent to deceive could be legitimately implied. *Calloway*, 246 N.C. at 134, 97 S.E. 2d at 885. The Court then went on to state that plaintiffs knew of the water shortage in the area and were not reasonable in relying on defendant's representations without making further inquiry. *Id.* at 135, 97 S.E. 2d at 886.

In *Libby Hill*, this Court affirmed the trial court's granting of *directed verdict at the close of plaintiff's evidence.* On the negligent misrepresentation claim, the Court said:

> Even if Yarbrough's statements were representations, plaintiff has failed to show reasonable reliance. A purchaser who is on equal footing with the vendor and has equal means of knowing the truth is contributorily negligent if he relies on a vendor's statements . . . . We find that, being on equal footing with defendants, plaintiff had no right to rely on defendants' statements and was negligent in doing so.

*Libby Hill Seafood Restaurants, Inc. v. Owens*, 62 N.C. App. at 699-700, 303 S.E. 2d at 569.

This case is easily distinguishable from *Calloway* and *Libby Hill*. First, in both of those cases, the test was whether the evidence presented by plaintiff was sufficient to withstand a motion for directed verdict. In the case below, the court is testing the sufficiency of plaintiffs' *claim* on a Rule 12(b)(6) motion; there is no evidence for the court to review. Second, in both *Calloway* and *Libby Hill*, the court relied on plaintiff's knowledge of the problem and plaintiff's insufficient inquiries to sustain a holding of un-

justifiable reliance as a matter of law. In the matter below, the amount of plaintiffs' knowledge and the sufficiency of plaintiffs' inquiries are factual matters not yet of record.

We hold that plaintiffs have stated a sufficient claim for relief and that the trial court erred in dismissing it.

Reversed and remanded.

Judges ARNOLD and PHILLIPS concur.