BRETT BLACKWELL AND DANA E. BLACKWELL v. GEORGE DOROSKO, CHARLES H. WEST AND CAROLINA BEACH REALTY, INC. v. KICK ENTERPRISES, INC., D/B/A CAROLINA BEACH REALTY AND SEASIDE REALTY, D/B/A CAROLINA BEACH REALTY

No. 885SC650

(Filed 4 April 1989)

1. **Vendor and Purchaser § 6— sale of beachfront property— representations as to beach erosion—reliance on representations—summary judgment for seller proper**

    The trial court properly entered summary judgment for defendant landowner and defendant real estate agent in plaintiffs' action for fraud in the sale of beachfront property where plaintiffs' own evidence established that defendant real estate agent in no way impeded plaintiffs' opportunity to make further pertinent inquiries as to beach erosion but instead offered to obtain details from the Homeowners' Association about erosion, but plaintiffs did not accept the offer.

2. **Vendor and Purchaser § 6— sale of beachfront property— negligent misrepresentations as to erosion alleged—summary judgment for seller proper**

    The trial court properly entered summary judgment for defendant landowner and defendant real estate agent in plaintiffs' action for negligent misrepresentation in the sale of beachfront property where the evidence unequivocally established plaintiffs' own negligence in failing to make inquiries as to beach erosion and unjustifiably relying on defendant agent's statements with regard to erosion.

3. **Unfair Competition § 1— sale of beachfront property—no unfair and deceptive trade practices**

    The trial court properly granted summary judgment for defendant landowner and defendant real estate agent in plaintiffs' action for unfair and deceptive trade practices in the sale of beachfront property, since defendant landowner, as a private vendor of realty, could not be subject to liability under N.C.G.S. § 75-1.1; nothing in the depositions suggested that defendant real estate agent or his employer engaged in any unfair or deceptive act; at no time did the agent hold himself out to plaintiffs as having extensive familiarity with the beach where the property was located; and for this reason

the agent offered to supplement his statements about the beach's history of erosion by speaking to people who had greater familiarity with the area.

APPEAL by plaintiffs from *Napoleon B. Barefoot, Judge.* Judgment entered 30 March 1988 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 23 January 1989.

*Shipman & Lea, by Gary K. Shipman, for plaintiff-appellants.*

*Burney, Burney, Barefoot & Bain, by Roy C. Bain, for defendant-appellees Charles H. West and Carolina Beach Realty, Inc.*

*Prickett and Corpening, by Carlton S. Prickett, Jr.; and by Bruce H. Jackson, Jr., for defendant-appellee George Dorosko.*

BECTON, Judge.

Plaintiffs, Brett Blackwell and Dana E. Blackwell, sued defendants, Carolina Beach Realty, Charles West, and George Dorosko, alleging fraud, negligent misrepresentation, and unfair and deceptive trade practices. The parties executed a Stipulation of Dismissal against third-party defendant Kick Enterprises, Inc., on 22 April 1987. On 28 March 1988, the trial judge entered an order granting summary judgment for the remaining defendants. From this judgment plaintiffs appeal. We affirm.

I

Brett Blackwell and Dana Blackwell are residents of Farmington Hills, Michigan. In May 1985, the Blackwells came to North Carolina to investigate purchasing resort property. They met defendant Charles West, a real estate agent with defendant Carolina Beach Realty. Mr. West showed the Blackwells a condominium at the Riggins Condominium project at Kure Beach. Defendant George Dorosko owned the unit and had listed it for sale with Carolina Beach Realty.

Mr. Dorosko's condominium faced the ocean, and the Blackwells, concerned about the proximity of the unit to the water, asked Mr. West whether beach erosion threatened the property. Mr. West told the Blackwells that Carolina Beach, another beach in the area, had recently been renourished by having sand pumped in, but that he did not know of any history of erosion problems at Kure Beach. Mr. West said that during Hurricane Diana in 1984, approx-

imately six to eight feet of beachfront at Kure Beach eroded, and that Hurricane Diana was the first hurricane to trouble the area in twenty years. During a second visit to the unit, Mr. West and Mr. Blackwell stepped off the distance between the Riggins building and the shoreline. They calculated that twenty to twenty-five feet of beachfront divided the building from the water. Mr. West offered to speak with the president of the Riggins Homeowners' Association to obtain more information for Mr. Blackwell about erosion at Kure Beach, but Mr. Blackwell did not think any further investigation was necessary.

The Blackwells purchased Mr. Dorosko's unit in August 1985. After closing, the beachfront adjacent to the Riggins project eroded because of strong gale winds ("northeasterlies"). This erosion caused decks and balconies to fall away from the building. The Homeowners' Association required the Blackwells and its other members to pay special assessments, to make payments for sandbags, consulting fees, and legal counsel, and to pay an increase in monthly homeowners' dues. When they received this notice, the Blackwells contacted the Homeowners' Association and allegedly learned that Kure Beach's history of erosion problems was more severe than Mr. West had indicated. Mr. and Mrs. Blackwell filed a Complaint in Superior Court seeking to rescind the sale and alleging fraud, negligent misrepresentation, and unfair and deceptive trade practices.

## II

The single issue on appeal is whether the trial judge erred in granting summary judgment for the defendants. Plaintiffs contend that genuine issues of material fact existed at the time the judge entered his order, and that summary judgment was, therefore, improper.

When a party moves for summary judgment, the issue for the trial judge is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate the absence of a genuine issue of material fact so as to entitle the party to judgment as a matter of law. See Gregory v. Perdue, Inc., 47 N.C. App. 655, 656, 267 S.E. 2d 584, 586 (1980). The moving party may establish that no genuine issue of material fact exists by showing through discovery that the opposing party cannot produce sufficient evidence to support an essential element of the claim. Id. In ruling on a summary judgment motion, the judge must view the record in the light

BLACKWELL v. DOROSKO

[93 N.C. App. 310 (1989)]

most favorable to the non-moving party. *E.g., Brice v. Moore*, 30 N.C. App. 365, 367, 226 S.E. 2d 882, 883 (1976). We analyze each of the three counts contained in the Blackwells' Complaint to determine if the judge properly entered summary judgment in favor of defendants.

A. *Fraud*

[1] In North Carolina, an action for fraud with respect to a real estate purchase will lie only if the vendor induced the purchaser to forego inquiries the latter would otherwise have made. *See Robertson v. Boyd*, 88 N.C. App. 437, 442, 363 S.E. 2d 672, 675 (1988). When the purchaser has a "full opportunity to make pertinent inquiries but fails to do so through no artifice or inducement of the seller, an action in fraud will not lie." *Libby Hill Seafood Restaurants, Inc. v. Owens*, 62 N.C. App. 695, 698, 303 S.E. 2d 565, 568 (1983), *disc. rev. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983) (citation omitted).

The Blackwells' own evidence establishes that Mr. West in no way impeded their opportunity to make further pertinent inquiries. To the contrary, Mr. West offered, as Mr. Blackwell admitted at his deposition, to obtain details from the Homeowners' Association about erosion at Kure Beach. Mr. Blackwell did not accept the offer. Because nothing in the evidence suggests Mr. West employed any artifice to induce the Blackwells to refrain from making further investigation, the judge properly entered summary judgment for defendants on the Blackwells' fraud claim.

B. *Negligent Misrepresentation*

[2] Justifiable reliance is an essential element of the tort of negligent misrepresentation. *See Stanford v. Owens*, 76 N.C. App. 284, 286, 332 S.E. 2d 730, 732 (1985), *disc. rev. denied*, 314 N.C. 670, 336 S.E. 2d 402 (1985). In *Stanford*, this court held that the entry of a directed verdict for defendants was improper when the evidence supported, but did not require, a finding of contributory negligence on the part of plaintiffs. *Id.* at 288, 332 S.E. 2d at 733. In this case, however, the evidence unequivocally establishes the Blackwells' own negligence.

The depositions indicate that Mr. West informed the Blackwells about the renourishment of Carolina Beach and that he offered to speak with the Homeowners' Association about Kure Beach. Assuming that Mr. West "fail[ed] to exercise . . . care and com-

petence in obtaining and communicating the information" about erosion, the Blackwells' reliance on Mr. West's statements was not justifiable. *Id.* at 286, 332 S.E. 2d at 732 (citation omitted). The Blackwells could easily have accepted Mr. West's offer that the latter obtain additional information from the Homeowners' Association. Alternatively, it would have been a simple matter for the Blackwells to speak to a resident of the Kure Beach area. Thus, even if Mr. West's statements constituted misrepresentations, the Blackwells imprudently relied upon those statements and were contributorily negligent as a matter of law. We hold that the judge correctly granted summary judgment for defendants on this count.

C. *Unfair or Deceptive Trade Practices*

[3] Plaintiffs' final contention is that defendants are guilty of unfair or deceptive trade practices, in violation of N.C. Gen. Stat. Sec. 75-1.1 (1988). Defendant Dorosko, as a private vendor of realty, cannot be subject to liability under this statute, and thus, the judge properly granted him summary judgment on this count. *See Rosenthal v. Perkins*, 42 N.C. App. 449, 454, 257 S.E. 2d 63, 67 (1979).

An unfair act or practice is one that offends established public policy, is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *See, e.g., Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E. 2d 397, 403 (1981). A deceptive act is one calculated to deceive the other party. *Id.* If a party is guilty of engaging in such a practice, he cannot escape liability on the basis of the other party's contributory negligence. *See Winston Realty Co. v. C.H.G., Inc.*, 314 N.C. 90, 96, 331 S.E. 2d 677, 681 (1985).

In our view, nothing in the depositions suggests that Mr. West or his employer engaged in any unfair or deceptive act. At no time did Mr. West hold himself out to the Blackwells as having any extensive familiarity with Kure Beach. For this reason, he offered to supplement his statements about the beach's history of erosion by speaking to people who had greater familiarity with the area. We do not find evidence in the depositions that defendants attempted to deceive the Blackwells through misrepresentations. Defendants were entitled to summary judgment on this count.

III

We hold that the trial judge properly entered summary judgment on behalf of the defendants. The judgment, therefore, is

Affirmed.

Judges WELLS and JOHNSON concur.