BLACKWELL v. DOROSKO

[95 N.C. App. 637 (1989)]

BRETT BLACKWELL AND DANA E. BLACKWELL v. GEORGE DOROSKO, CHARLES H. WEST, AND CAROLINA BEACH REALTY, INC. v. KICK ENTERPRISES, INC., D/B/A CAROLINA BEACH REALTY, AND SEASIDE REALTY, D/B/A CAROLINA BEACH REALTY

No. 885SC650

(Filed 19 September 1989)

**Vendor and Purchaser § 6; Unfair Competition § 1— earlier opinion — sale of beachfront property — summary judgment upheld — withdrawn in part**

  An earlier opinion in the same matter, 93 N.C. App. 310, was withdrawn in part on reconsideration by the Court of Appeals because the trial court made a finding that attempted to resolve an issue of material fact concerning defendant West's offer to contact the Homeowner's Association for plaintiffs, rendering summary judgment invalid as to the fraud and negligent misrepresentation claims against defendants West and Carolina Beach Realty. Moreover, the Court of Appeals misstated the legal standard governing unfair and deceptive trade practices by defining a deceptive practice as one "calculated" to deceive the other party, when in fact *Marshall v. Miller*, 302 N.C. 539, defines a deceptive trade practice as "one that has the capacity or tendency to deceive"; proof of actual deception is not required under the statute.

APPEAL by plaintiff from *Napoleon B. Barefoot, Judge.* Judgment entered 30 March 1988 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 23 January 1989. Plaintiff-appellants' petition for rehearing allowed 8 May 1989.

*Shipman & Lea, by Gary K. Shipman, for plaintiff-appellants.*

*Burney, Burney, Barefoot & Bain, by Roy C. Bain, for defendant-appellees Charles H. West and Carolina Beach Realty, Inc.*

*Prickett and Corpening, by Carlton S. Prickett, Jr.; and by Bruce H. Jackson, Jr., for defendant-appellee George Dorosko.*

BECTON, Judge.

  In an opinion in the above-styled matter filed 4 April 1989, this court affirmed summary judgment in favor of defendants on plaintiffs' claims of fraud, negligent misrepresentation, and unfair

and deceptive trade practices. We granted plaintiffs' petition to rehear in order to consider whether we misstated the legal standard for a claim asserted under N.C. Gen. Stat. Sec. 75-1.1 and whether we improperly affirmed the trial court's entry of summary judgment. We now withdraw our previous opinion in part, and we reverse and remand with respect to defendants West and Carolina Beach Realty.

Petitioners allege that the trial judge's making of findings of fact in his summary judgment order was improper. In ruling on a motion for summary judgment, a judge may recite the material facts forming the basis of his judgment when those facts are not at issue. See Stone v. Conder, 46 N.C. App. 190, 195, 264 S.E.2d 760, 763, disc. rev. denied, 301 N.C. 105 (1980). Petitioners argue that the judge's finding that defendant West offered to contact the Homeowner's Association for plaintiffs — which we accepted as a fact not at issue on the basis of our reading of Brett Blackwell's second deposition — is not supported by the record. Upon reconsideration, we now conclude that the deposition passage cited by the trial judge and by us does not, when read in a light most favorable to plaintiffs, see Brice v. Moore, 30 N.C. App. 365, 367, 226 S.E.2d 882, 883 (1976), demonstrate unequivocally that Mr. West made such an offer. Therefore, we conclude that the judge made a finding that attempted to resolve an issue of material fact, rendering the entry of summary judgment inappropriate. See Stone, 46 N.C. App. at 195, 264 S.E.2d at 763. Consequently, we vacate the award of summary judgment on the fraud and negligent misrepresentation claims as to defendants West and Carolina Beach Realty.

The forecast of the evidence does not demonstrate that plaintiffs ever met with defendant Dorosko or that Mr. Dorosko ever made any representations to plaintiffs. Further, the evidence does not show that Mr. Dorosko exercised any control over the realtors who brokered the sale of his condominium so as to suggest his vicarious liability. See Vaughn v. N.C. Dept. of Human Resources, 296 N.C. 683, 686, 252 S.E.2d 792, 795 (1979). We hold, therefore, that the evidence in the record is insufficient as a matter of law to allow plaintiffs to proceed on these counts against Mr. Dorosko, and we hold that summary judgment was properly entered in his favor on these counts.

Our opinion misstated the legal standard governing unfair and deceptive trade practices by defining a deceptive practice as one

"calculated" to deceive the other party. *Blackwell v. Dorosko*, 93 N.C. App. 310, 314, 377 S.E.2d 814, 818 (1989). We used this standard to hold that the depositions showed no evidence that defendant West "attempted to deceive" plaintiffs through misrepresentations. *Marshall v. Miller*, which we cited, in fact defines a deceptive trade practice as "one that has the *capacity or tendency* to deceive"; proof of actual deception is not required under the statute. 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981) (emphasis added). Our opinion misapplied *Miller*, and the basis upon which we affirmed summary judgment on this count for defendants West and Carolina Beach Realty cannot stand. We affirm summary judgment for defendant Dorosko on the same ground we articulated in our original opinion. *See Blackwell*, 93 N.C. App. at 314, 377 S.E.2d at 817-18.

The judgment of the trial court as to defendant Dorosko is affirmed; as to defendants West and Carolina Beach Realty, the judgment is

Reversed and remanded.

Judges WELLS and JOHNSON concur.