LIBERTY FINANCE COMPANY, Plaintiff v. BDO SEIDMAN, Defendant

No. COA95-727

(Filed 6 August 1996)

**Accountants § 21 (NCI4th)— negligent misrepresentation by CPA alleged—financial statements—dismissal improper**
    The issue of whether plaintiff justifiably relied on unaudited financial statements prepared by defendant CPA firm should not have been dismissed, since plaintiff's knowledge and the sufficiency of its inquiries into a company's financial status were factual matters not yet of record.

    **Am Jur 2d, Accountants §§ 24, 25.**

    **Liability of public accountant to third parties. 46 ALR3d 979.**

Appeal by plaintiff from order entered 20 April 1995 by Judge James E. Ragan, III in Guilford County Superior Court. Heard in the Court of Appeals 1 March 1996.

*Hill, Evans, Duncan, Jordan & Davis, P.L.L.C., by Thomas C. Duncan, R. Thompson Wright and Everett B. Saslow, Jr., for plaintiff-appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by James T. Williams, Jr., Jeffrey E. Oleynik and James C. Adams, II, for defendant-appellee.*

LEWIS, Judge.

Plaintiff appeals from the trial court's order dismissing his complaint for failure to state a claim upon which relief could be granted. N.C.G.S § 1A-1, Rule 12(b)(6) (1990). Plaintiff alleges that defendant was negligent in preparing the reviewed financial statements which were justifiably relied on by plaintiffs in extending credit to Alden Metals, Inc. and Atlas Steel, Inc. (hereinafter "Alden"). The issue on appeal is whether the plaintiff in its action for negligent misrepresentation could, as a matter of law, justifiably rely upon the alleged misrepresentations made by the defendant.

Plaintiff makes the following allegations in the complaint: Plaintiff Liberty Finance Company (hereinafter "Liberty") is in the business of factoring. Plaintiff entered into Security Agreements for assignments of accounts receivable (hereinafter "Security Agreements") with Alden, whereby Liberty agreed to advance money to Alden upon the assignment of accounts receivable from Alden. Alden warranted and guaranteed to Liberty that every invoice assigned to Liberty under the Security Agreements represent a completed sale to a customer. Furthermore, these Security Agreements provided that Alden would make available certain financial statements and that Liberty had the option of requesting that they be prepared by an independent certified public accountant.

The defendant BDO Seidman (hereinafter "Seidman") is in the business of providing professional services as certified public accountants. The defendant prepared the tax returns and reviewed annual financial statements for Alden. Liberty alleges that in preparing the statements Seidman knew that Liberty or a lender in the same class as Liberty would rely upon the opinions asserted in these financial statements in connection with its extensions of credit to Alden. Liberty also alleges that Seidman knew of the lending arrangement between Alden and Liberty and knew that the financial statements would be used by Alden to represent its financial condition to Liberty. Moreover, it is alleged that the financial statements prepared by the defendant and reviewed by the plaintiff were false and misleading in that they overstated accounts receivable and retained earnings each by four million dollars.

Liberty argues that Seidman was negligent because it: (1) failed to confirm that the financial statements were prepared in accordance with generally accepted accounting principles; (2) failed to ascertain the appropriate type of accounting or financial statement preparation

**LIBERTY FINANCE CO. v. BDO SEIDMAN**

[123 N.C. App. 515 (1996)]

in Alden's line of business; (3) failed to conduct analytical techniques appropriate to reviewed financial statements, which analytical techniques would have revealed deficiencies in the accounts receivable and income recognition of Alden; (4) failed to investigate further into Alden's accounts receivable or other accounts where such additional inquiries should have been made in the exercise of reasonable professional judgement; and (5) otherwise failed to exercise reasonable care in conducting the review and in the preparation of the financial statements. Alden later defaulted and Liberty was unable to recover the money it was owed.

The only issue before us is whether the trial court erred by dismissing the complaint on the ground that Liberty could not justifiably rely on reviewed financial statements as a matter of law.

In reviewing a Rule 12(b)(6) motion to dismiss, we must take the allegations in the complaint as true. *Forbis v. Honeycutt,* 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1981). Where it appears to a certainty that a plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim, dismissal for failure to state a claim upon which relief can be granted is proper. *Sutton v. Duke* 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970).

Liberty contends that it has sufficiently alleged justifiable reliance and that this reliance on financial statements is a question to be resolved at trial. Seidman responds that Liberty could not, as a matter of law, have justifiably relied on the financial statements it reviewed because the report provided no opinion on the accuracy of the statements and contained a disclaimer detailing the limited scope of the report.

Seidman relies primarily upon *Raritan River Steel Co. v. Cherry, Bekaert, & Holland,* 322 N.C. 200, 214, 367 S.E.2d 609, 617 (1988), which adopts the Restatement (Second) of Torts § 552 (1977) in determining an accountant's liability for negligent misrepresentation. Citing *Raritan,* Seidman claims there must be reliance by plaintiff upon *audited* financial statements. *Id.* at 206-7, 367 S.E.2d at 613 (emphasis added).

In *Raritan,* our Supreme Court held that plaintiffs who have relied on financial information in an accountant's audit report must demonstrate that they obtained the information from the report itself and further held that the scope of an accountant's liability for negligent misrepresentation is best measured by the Restatement

(Second) of Torts § 552 (1977). *Id.* at 207, 214, 367 S.E.2d at 613, 617. This case is distinguishable from *Raritan.* In *Raritan* the Court did not address whether reliance on reviewed financial statements is justifiable; rather it speaks specifically about *audited* financial statements. *Id.* at 207, 367 S.E.2d at 613 (emphasis added). However, there is language in *Raritan* that suggests that a claim for negligent misrepresentation *can* be brought based on unaudited financial information. Interpreting the Restatement approach, the Court stated that an

> accountant who audits or *prepares financial information* for a client owes a duty of care not only to the client but to any other person, or one of a group of persons, whom the accountant or his client intends the information to benefit; and that person reasonably relies on the information in a transaction; or one substantially similar to it, that the accountant or his client intends the information to influence.

*Id.* at 210, 367 S.E.2d at 614 (emphasis added).

In *Ness v. Jones,* 89 N.C. App. 504, 507, 366 S.E.2d 570, 572 (1988), we held that plaintiffs stated a sufficient claim for relief where they alleged that the defendants, real estate agents, erroneously advised plaintiffs that the plaintiff-wife was entitled to Veterans' Administration home financing separate and apart from her husband's V.A. entitlement. Plaintiffs alleged that they justifiably relied upon this information and sold their home to a couple who assumed plaintiffs' V.A. loan, thereby using up plaintiff-husband's V.A. entitlement. *Id.* at 505, 366 S.E.2d at 571. After plaintiffs entered into a contract to buy another home and applied for V.A. financing using plaintiff-wife's V.A. entitlement, they were informed by the lending institution that they were not eligible for V.A. financing. *Id.* Defendants contended that the trial court properly held that the plaintiffs' reliance was unreasonable as a matter of law. *Id.* at 506, 366 S.E.2d at 571-72. We reversed the trial court's dismissal and held that the plaintiff's knowledge and inquiries into their loan eligibility were factual matters not yet of record. *Id.* at 507, 366 S.E.2d at 572.

Here, as in *Ness,* plaintiff's knowledge and the sufficiency of its inquiries into Alden's financial status are factual matters not yet of record. We conclude that the issue of whether plaintiff justifiably relied on the financial statements prepared by defendant should not be dismissed, as a matter of law, at this stage of the proceedings.

We hold that plaintiff has stated a sufficient claim for relief and that the trial court erred in dismissing it.

Reversed and remanded.

Judges GREENE and SMITH concur.