JIMMY LEFF GREENE, JOE BILL GREENE, RONNIE GLENN GREENE, AND DANNY L. SIDDEN, PLAINTIFFS v. ROGERS REALTY AND AUCTION CO., INC., A NORTH CAROLINA CORPORATION, AND BRACKY ROGERS, DEFENDANTS

No. COA02-882

(Filed 5 August 2003)

### Fraud; Unfair Trade Practices— real estate purchased at auction—lots deeded as one tract

Summary judgment was properly granted for defendant-auctioneers on fraud and unfair trade practice claims where plaintiffs bought real property which they thought was in individual lots, but which was ultimately deeded as one tract. Defendants represented only the sellers and there was no evidence of an intent to deceive or that defendants owed plaintiffs a fiduciary duty. Plaintiffs and defendants appear to have had a communications problem on which plaintiffs should have focused at closing.

Judge LEVINSON concurs in the result.

Appeal by plaintiffs from judgment entered 7 September 2001 by Judge Russell G. Walker, Jr., in Surry County Superior Court. Heard in the Court of Appeals 27 March 2003.

*James L. Dellinger, Jr., for plaintiff appellants.*

*Sharpless & Stavola, P.A., by Eugene E. Lester, III, for defendant appellees.*

McCULLOUGH, Judge.

On 4 December 1999, defendant Rogers Realty and Auction Co., Inc., owned and operated by defendant Bracky Rogers, a licensed auctioneer, conducted an auction in Mt. Airy, North Carolina, located in Surry County. Up for bid at this auction was property owned by the Strickland family, known as the Strickland farm. According to plaintiffs, "advertisement and information" documents were given out prior to and during the auction. These included the subdivision plat which showed the property divided into separate lots. The property was sold off in lots according to how they were separated on that plat. Each lot was given a number on the plat.

In attendance at the auction was plaintiff Danny Sidden. Mr. Sidden had an oral agreement with plaintiffs Jimmy Leff Greene, Joe Bill Greene and Ronnie Glenn Greene to jointly own property pur-

chased at the auction. Each of these individuals possessed experience in buying and selling property, notably plaintiff Ronnie Greene. Ronnie Greene held a real estate license for several years and had developed several properties.

Prior to the auction, Mr. Sidden had inquired about the property for sale with the Surry County Planning Board. He had been informed that the Board had given preliminary, not final, approval under the existing zoning ordinance to a proposed subdivision of the property. In addition, the Planning Board informed Mr. Sidden that the ordinance was going to change in a few weeks. The new ordinance was more restrictive than the existing, as, among other things, it would require an asphalt road to service the subdivision rather than the gravel road allowed under the existing ordinance.

As it turned out, Mr. Sidden was the highest bidder on lots 19 through 23, including an existing house, of the Strickland property. Accordingly, Mr. Sidden and the Stricklands entered into an offer to purchase and contract for the property, described as "Tract 19 thru 23." Defendants were noted on the contract as agent for the *seller*. Further, Sidden was given a "Disclosure to Buyer" form from defendants which informed him that defendants represented the seller *only*. Testimony from Sidden and others revealed that Sidden had purchased the lots and they were sold to him as a block.

The parties closed on the property on 4 January 2000. Prior to closing, neither Sidden nor any other of the plaintiffs contacted the Planning Board, seller, defendants or anyone else in connection with the purchase of the lots. Plaintiffs claim they never received any information that would lead them to expect that the description on the deeds would be anything different than the description in the offer to purchase or the plat. Apparently, Sidden "figured" and "assumed" that is the way it would be. However, when Sidden got the deed after closing, it contained a metes and bounds description conveying the property not in tracts or separate lots, but as one big block. The deed was filed on 6 January 2000. Apparently, Sidden called the attorney who prepared the deed about the description to try to resolve the discrepancy. Defendants claim that this is the first time that Sidden had informed them that he and the others wanted the lots recorded in separate deeds. Sidden apparently requested a deed for each lot, to which the attorney agreed to try and fix.

The problem is that once the deed was filed with the metes and bounds description of one large block instead of the five separate lots

that had been on the plat that had received preliminary approval, the Planning Board informed the parties that the property would be subject to the new regulations. Further, the plat, while preliminarily approved, never received final approval. Permission to re-subdivide the property under the old ordinance was denied by the Board. However, the Planning Board eventually granted plaintiffs a variance allowing them to use a gravel road instead of an asphalt road (the main difference between the new and old ordinance). Plaintiffs considered the stipulations that came along with the variance as cost-prohibitive. They filed suit instead.

In their complaint filed 9 January 2001, plaintiffs alleged fraud, unfair and deceptive trade practices and breach of contract arising out of the purchase of the Strickland property. Among other things, the theory was that defendant Rogers owed them a fiduciary duty and it was breached. Defendants answered on 8 March 2001. Defendants also made a motion for summary judgment on 2 August 2001. In their motion for summary judgment, defendants stated that they did not have a duty to discover and/or disclose to plaintiffs any rules or conditions that might have applied to the Strickland property; they did not make any misrepresentations to plaintiffs about said property; any reliance by plaintiffs on them was unreasonable; there was no contract between defendants and plaintiffs; and any representations and warranties concerning the property were disclaimed or excluded by defendants and did not survive the closing.

After a hearing during the 20 August 2001 Session of Surry County Superior Court, defendants' motion for summary judgment was granted. Plaintiffs' appeal of this order was dismissed by the trial court in an order filed 28 December 2001. This Court granted *writ of certiorari* on 19 April 2002.

Plaintiff makes the following assignment of error: That the trial court erred in granting summary judgment for defendants on the grounds that defendant Rogers made no misrepresentation to plaintiffs about the property and did not have a duty to make certain representations to them about the property.

I.

Plaintiffs contend that the trial court erred in granting defendants' motion for summary judgment as there are sufficient facts "alleged" under their fraud and unfair and deceptive trade practices claims. As plaintiffs do not address their third claim of breach

of contract, we consider it abandoned and do not address it. *See* N.C.R. App. P. 28(a) (2003).

"On a motion for summary judgment, defendants as movants would have had the burden to show that plaintiff could not adduce evidence of an essential element of his claim and that no genuine issue of material fact existed, thereby entitling defendants to judgment as a matter of law." *Dockery v. Hocutt*, 357 N.C. 210, 216, 581 S.E.2d 431, 435 (2003). Regardless of the fact that plaintiffs have mistakenly confused the standard of summary judgment with that of a motion to dismiss under Rule 12(b)(6), we review the appeal in light of the correct standard of review quoted above.

Plaintiffs correctly list the elements of a constructive fraud claim:

The elements of a constructive fraud claim are proof of circumstances " '(1) which created the relation of trust and confidence [the "fiduciary" relationship], and (2) [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.' " Put simply, a plaintiff must show (1) the existence of a fiduciary duty, and (2) a breach of that duty.

*Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 28, 560 S.E.2d 817, 823 (2002) (citation omitted). We conclude that plaintiffs have failed to present any evidence that defendants owed them a fiduciary duty, or that there is any reason why plaintiffs should otherwise recover from defendants.

Plaintiffs argue that defendants owed them a fiduciary duty as real estate agents have been held to owe a fiduciary duty to buyers. Plaintiffs rely on this Court's case of *Brown v. Roth*, 133 N.C. App. 52, 514 S.E.2d 294 (1999). According to *Brown*, real estate agents have "the fiduciary duty 'to exercise reasonable care, skill, and diligence in the transaction of business [e]ntrusted to him, and he will be responsible to his principal for any loss resulting from his negligence in failing to do so.' " *Id.* at 54, 514 S.E.2d at 296 (quoting 12 C.J.S. *Brokers* § 53, at 160 (1980)). "This duty requires the agent to 'make a full and truthful disclosure [to the principal] of all facts known to him, or discoverable with reasonable diligence' and likely to affect the principal. The principal has 'the right to rely on his [agent's] statements.' " *Id.* at 54-55, 514 S.E.2d at 296 (citations omitted).

Plaintiffs point out that the parties used the North Carolina real estate form entitled "Offer to Purchase and Contract." They also high-

light the facts that defendants chose the closing attorney, and that the original plat map that was given to Sidden at the auction was prepared by defendants. Plaintiffs contend these matters create a question of fact.

·However, plaintiffs' reliance on *Brown* is misplaced. It is made clear in the opinion that the agent in *Brown* represented both the buyer *and* the seller as he had a contract with both of them. *Id.* at 55, 514 S.E.2d at 296-97. An agent can represent both the seller and buyer as long as both parties have full knowledge and have given their consent. In the present case, there is no such arrangement. In fact, there are two documents in the record that make it clear that defendants represented the seller only: the Offer to Purchase and Contract form that plaintiffs referred to earlier, and a form entitled "Disclosure to Buyer from Seller's Agent or Subagent." This document makes it clear whom defendants represent:

> When showing you property and assisting you in the purchase of a property, the above-referenced agent [Rogers Realty] and firm will be representing the interests of the SELLER.

This document was signed by Danny Sidden. He was not the seller. There was no contract between plaintiffs and defendants for any representation. Defendants only represented the Stricklands. Thus, defendants owed no fiduciary duty to plaintiffs under *Brown*. As such, plaintiffs have not forecast sufficient evidence on this element of their fraud claim. Thus, the trial court was correct in granting summary judgment for defendants.

Further, there is no evidence of any fraud in general. The record and transcripts only reveal that the deeds were filed with a metes and bounds description, instead of what plaintiffs wanted, which were separate deeds. Had there been separate deeds for each lot, presumably there would have been no problem. This is significant because this alleged fraud, the changing of the description, had nothing to do with inducing plaintiffs to make the purchase. True, it was important that the plat had received preliminary approval as plaintiffs wanted to be under the old ordinance. They very well may have been if separate deeds were filed. Yet, the fact that the description was not as desired had nothing to do with them being in the transaction in the first place. This was a simple ministerial problem that should have been the focal point of plaintiffs at closing. It was not. As such, there is no evidence of an intent to deceive on the part of defendants.

Plaintiffs' inaction, namely Sidden's, is analogous to that of buyers that fail to inspect the property before purchasing it. *See Libby Hill Seafood Restaurants, Inc. v. Owens,* 62 N.C. App. 695, 303 S.E.2d 565 (1983) ("Where . . . the purchaser has full opportunity to make pertinent inquiries but fails to do so, through no artifice or inducement of the seller, an action in fraud will not lie."). *Id.* at 698, 303 S.E.2d at 568, *disc. review denied,* 309 N.C. 321, 307 S.E.2d 164 (1983). Defendants and plaintiffs appeared to have had a miscommunication as to how the deed or deeds were supposed to be drawn. While Sidden just "figured" the way it was going to be done, he "figured" wrong. Further, it was unreasonable on his part to fail to make sure the way he "figured" the deed or deeds would be drawn was in fact the way it was going to be. As much as plaintiffs would like to hold defendants responsible for what happened, they only have themselves to blame.

Further, based on our review of the record, we hold plaintiffs' claim for unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 (2001) is also without merit.

We therefore affirm the trial court's order granting summary judgment to defendants on all counts.

Affirmed.

Judge McGEE concurs.

Judge LEVINSON concurs in the result.